## Bolton *versus* Pennsylvania Company.

88    261
L 20 SC ¹559

1. Wages of labor earned and due to a citizen of this state may be attached for a debt in another state where no law exists prohibiting the attachment of wages. Morgan *v.* Neville, 24 P. F. Smith 52, followed.

2. Where wages have been so attached in another state, in a suit in this state by the defendant in the attachment against the garnishee, it is not necessary that the affidavit of defence should allege notice by the garnishee to the defendant in the attachment.

November 29th 1878. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and TRUNKEY, JJ. MERCUR and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Mercer county:* Of October and November Term 1878, No. 161.

This was an appeal by the Pennsylvania Company, operating the Erie and Pittsburgh Railroad, from a judgment of a justice of the peace, in favor of John Bolton.

John Bolton, the plaintiff below, was in the employ of the Pennsylvania Company in September 1876, as brakeman. There was due him, for services or wages as brakeman, the sum of $45 for the month of September. Prior to pay-day the wages due Bolton were attached at the suit of D. Patton *v.* John Bolton, in Ashtabula county, Ohio, and the Pennsylvania Company, also a corporation in the state of Ohio, were summoned as garnishees in the said attachment. Judgment was duly obtained, under the laws of Ohio, against Bolton, defendant, and the Pennsylvania Company garnishees, and the amount due Bolton paid by the company in pursuance of said judgment. After the judgment obtained in Ohio, Bolton brought suit before a justice of the peace, in Mercer county, to recover the amount due for wages for the month of September 1876, which had been attached and paid as before stated, and obtained a judgment for the full amount due him for said month. The company took an appeal from said judgment to the Common Pleas of Mercer county. The plaintiff filed his copy of claim, and entered a rule on defendant to file an affidavit of defence, to which rule the defendant answered by affidavit, wherein it was averred "that judgment was entered against the garnishees, a corporation under the laws of Ohio, duly incorporated therein, as well as of Pennsylvania, on the 1st day of December 1876. That after due notice by publication, and agreeably to the laws of Ohio, the amount of

[Bolton *v*. Pennsylvania Company.]

money in the hands of the Pennsylvania Company, due and owing to the said Bolton, was paid into court on the 3d day of January 1877, as this deponent is informed and believes. That a copy of the transcript of proceedings before the justice of the peace, in Ashtabula, is hereunto attached as part of the affidavit of defence."

The court, in an opinion, said:

"The plaintiff brought suit for wages before a justice of the peace in Pennsylvania. That his services were rendered in this state is not denied. That the wages of a laborer cannot be attached, even by a creditor of the laborer in this state cannot be controverted; if so, much less by a creditor in a sister state. Judgment granted for want of a sufficient affidavit of defence."

This entry of judgment was assigned for error by defendants, who took this writ.

*J. Ross Thompson*, for plaintiff in error.—An attachment was issued from the proper courts, agreeable to the laws in force in Ohio, and the debtor was summoned to answer as garnishee. The debt follows the debtor, consequently the court had jurisdiction. Having jurisdiction, therefore, of the subject-matter, would not the laws of Ohio control?

The affidavit of defence sets forth fully the proceedings in the attachment, showing notice to the defendant in the attachment and the proceedings as to the garnishees up to the judgment against the company. There was no allegation that the records were defective, but claimed that the affidavit was insufficient, simply because wages could not be attached in this state. The act of Pennsylvania exempting wages from attachment is not part of the contract, and the act was not carried with the debt into the Ohio forum. The remedy there was by the laws of Ohio: Morgan *v*. Neville, 24 P. F. Smith 52.

The plaintiff in the attachment, as a citizen of Pennsylvania, had a right to all the privileges of a citizen of Ohio and could sue in that state: Morgan *v*. Neville, *supra*. Wages due in Pennsylvania can be attached in Ohio: Morgan *v*. Neville, *supra*; Jones *v*. New York & Erie Railroad, 1 Grant 457; Mineral Point Railroad Co. *v*. Barron, 83 Ills. 365. The payment of a judgment by garnishee in foreign attachment in another state is a good defence in a suit against him in Pennsylvania: Noble *v*. Thompson Oil Co., 19 P. F. Smith 415.

*S. H. Miller*, for defendant in error.—The affidavit of defence does not set forth that the defendant, Bolton, had any legal or actual notice of suit from the plaintiff, Patton, or the garnishee, the plaintiff in error. It does not even claim that the garnishee made any effort to give give him notice, nor that he could not be found to be notified

[Bolton *v.* Pennsylvania Company.]

A garnishee who pays an attached debt without notice to his own creditor is not protected from its repayment: Morgan *v.* Neville, 24 P. F. Smith 52; Steele *v.* Steele, 7 W. & S. 447; Campbell *v.* Steele, 1 Jones 394. If for the reasons already given the judgment of the court below is not sustainable, this court is deferentially requested to reconsider and reverse the case of Morgan *v.* Neville, *supra,* in so far as it rules that a debtor's choses in action are the subject of foreign attachment in a state into the jurisdiction of which he has not voluntarily carried or sent them. GIBSON, C. J., in Steele *v.* Smith, *supra,* in an opinion which never has and never can, on sound principles of international law, be answered, lays down the impregnable rule that, to make a debtor's property so subject, he must have voluntarily sent it into the state where it is claimed to have been attached.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 6th 1879.

The main question in this case was solemnly decided by this court in Morgan *v.* Neville, 24 P. F. Smith 52, that wages of labor earned and due to a citizen of this state may be attached for a debt in another state where no law exists prohibiting the attachment of wages of labor. We are now asked by the counsel of the defendant in error to review and overrule that case. We see no reason for doing so. The non-attachability of wages of labor for debt no more enters into the contract than does the exemption from execution of certain articles or a certain amount. The laws for process of attachment and execution are part of the remedy, governed entirely by the *lex fori*. It is said, however, that the affidavit of defence did not allege notice by the garnishee to the defendant in the attachment. But the sole object of such notice is to enable the defendant to take defence against the plaintiff in the attachment. When, therefore, the defendant comes to sue the garnishee, if the attachment is pleaded in bar, he may reply that he was not indebted to the plaintiff, to which the garnishee may answer that he gave notice. The only effect of not giving notice is that the garnishee takes upon himself the risk of its appearing that his creditor had a just defence to the claim. It was not necessary that the affidavit of defence should anticipate such defence by averring notice.

Judgment reversed, and *procedendo* awarded.