## Foster's License.

*Constitutional law — Money lenders — Special legislation — Act of June 5, 1913, P. L. 429—Constitution of Pennsylvania, art. III, sec. 7.*

The act of June 5, 1913, P. L. 429, authorizing the granting of licenses to persons to loan money is class legislation and violates art. III, sec. 7 of the constitution of Pennsylvania.

Argued Dec. 17, 1915. Appeal, No. 180, Oct. T., 1914, by Robert G. Foster, from order of Q. S. Phila. Co., April T., 1914, No. 1, refusing application of license as a money lender. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Petition for license as a money lender. The case turned upon the constitutionality of the Act of June 5, 1913, P. L. 429.

*Error assigned* was order refusing the license.

*G. W. Pepper*, of *Henry, Pepper, Bodine & Pepper*, with him *Foss, Walnut & Faught* and *Wm. F. Brennan*, for appellant.

*James Gay Gordon*, with him *Samuel P. Rotan*, district attorney, for appellee.

OPINION BY KEPHART, J., April 19, 1915:

The questions presented by this appeal have been decided in the case of Com. v. Young, in an opinion recently handed down by the Supreme Court. There it was held that the Act of June 5, 1913, P. L. 429, relative to the making of small loans, was unconstitutional. We quote from the concluding paragraph of that opinion: "In what we have said our purpose has been simply to show that the one certain effect of the act is to create a distinct class out of persons having in common, as between themselves, no peculiarities whether of person or business, or anything else, thus distinguishing them from any other class, and investing the class thus artificially created with special and exclusive privilege with respect to interest charges on money loaned. From our study of the act we see no escape from the conclusions above expressed. We, therefore, hold that the act is violative of sec. 7, of article 3 of the constitution, in the respects indicated."

The decree is affirmed at the cost of the appellant.