**MASSACHUSETTS MUTUAL LIFE IN-
SURANCE COMPANY**

v.

**CENTRAL–PENN NATIONAL BANK
OF PHILADELPHIA et al.**

**Civ. A. No. 43188.**

United States District Court
E. D. Pennsylvania.

June 30, 1969.

Malis & Feldman, Robert H. Malis, Philadelphia, Pa., for Gordon S. Miller.

LeRoy E. Perper, Philadelphia, Pa., for Central-Penn National Bank of Philadelphia; White & Williams, Philadelphia, Pa., of counsel.

Harry A. Dower, Edward C. McCardle, Allentown, Pa., for Lehigh Valley Trust Co.; Dower, Hauff & Hettinger, Allentown, Pa., of counsel.

Morris M. Shuster, Philadelphia, Pa., for Isadore and Dorothy Mokrin.

Morgan, Lewis & Bockius, Fred F. Fielding, Philadelphia, Pa., for Franklin National Bank.

Krusen, Evans & Byrne, Eugene R. Lippman, Philadelphia, Pa., for Marine Midland Grace Trust Co. of New York.

## OPINION

KRAFT, District Judge.

In this interpleader action, defendants Gordon S. Miller and his wife, have moved for summary judgment. No appearance of record has been entered for Mrs. Miller by moving counsel.[1]

The record discloses that Gordon S. Miller has never filed a statement of claim and has failed to file answers to all of claimants' statements of claim. To date, he has filed answers to only six of the claims, despite an Order of Judge Fullam of July 27, 1967 directing each defendant to file a statement of claim and to serve a copy of the statement on opposing counsel, and, within twenty days of such service, to answer the statements of claim filed by the other defendants.

On September 15, 1967, the defendants Miller obtained an extension of time for filing answers to September 22, 1967. To date, there has been no complete compliance with Judge Fullam's Order by the Millers.

Essentially, this action concerns a sum of $173,845.39 paid into the registry of this Court by the plaintiff, which is claimed by the various defendants by reason of certain assignments made by Miller or judgments and attachments obtained by creditors against Miller and the plaintiff.

Miller was employed as a general agent for plaintiff in Philadelphia from 1951 to 1966 and while so employed executed assignments of his insurance renewal commissions to the Central-Penn Bank and the Lehigh Valley Trust Co. The other claimants are creditors of Miller who seek payment of certain debts owed by Miller to them. Writs of execution and attachments in Massachusetts have also been served on the plaintiff.

In their motion for summary judgment, the Millers contend that the assignments are invalid under a Pennsyl-

---

1. In fact, no appearance for Mrs. Miller has ever been entered by counsel who preceded Mr. Miller's present counsel.

vania law which allegedly prohibits the assignment of wages pursuant to the Act of 1845, P.L. 459 § 5, 42 P.S. § 886. Moreover, in their *brief* and *argument*, the Millers contend that the assignments are invalid because Mrs. Miller, the wife, did not execute the assignment as required by the Act of June 4, 1913, P.L. 405 § 2.

Central-Penn, which is the primary claimant, contends that:

1. The remedy of a motion for summary judgment is not available to the Millers because neither defendant has filed a statement of claim or otherwise pleaded within the period fixed by the Orders of this Court dated July 27, and September 15, 1967.

2. Additionally, Central-Penn argues, that Miller, as a general agent, was an independent contractor whose commissions were not wages and salaries within the ambit of the Act of 1845 and the claim of Central-Penn is bottomed on a valid assignment within Article 9 of the Uniform Commercial Code, 12A P.S. § 1–101 et seq., as amended.

3. Central-Penn argues further, that the Act of 1913 was held to be unconstitutional [2] and is irrelevant since (a) Miller's commissions were not wages or salary; (b) Miller was an independent contractor; (c) the fund assigned was not future compensation but arose from vested rights that Miller had in the fund at the time of the assignment to Central-Penn.

4. Finally, Central-Penn submits that material issues of fact exist regarding the business relationship between Miller and Massachusetts Mutual.

In reply, the Millers argue that the contract between Miller and Massachusetts Mutual clearly manifests a master-servant relationship, rendering Miller merely an employee of plaintiff and exempting his commissions from assignment or attachment.

The other claimants who have filed attachments in Massachusetts argue, that, since Massachusetts law allows attachment of wages with a $50.00 exemption, Pennsylvania law recognizes the validity of such attachments and this Court must approve their claims.

In answer to Central-Penn's statement of claim, Miller admitted all the averments therein. Now, through different counsel, the Millers jointly attempt to assert the defenses previously set forth in this opinion.

■ We conclude that Mrs. Miller is not entitled to move for summary judgment since she has not been represented of record and has not filed any statement of claim. We further find that Gordon Miller is also not entitled to move for summary judgment since he has not complied with the orders of this Court.

However, in order to facilitate disposition of this matter, we will resolve certain questions of law which are free of factual dispute. Fed.R.Civ.P. 56(d).

■ Wages, commissions or salaries *are* assignable under Pennsylvania law. Bush v. Eastern Uniform Company et al., 356 Pa. 298, 51 A.2d 731 (1947). Joinder of the wife in such an assignment is not necessary since the Act of 1913 has been declared unconstitutional. Miller has not cited a single Pennsylvania authority which requires such a joinder, but instead relies on decisions from other jurisdictions which are inapplicable in Pennsylvania.

■ We might add that the Act of 1913 was not pleaded in Miller's motion and is therefore not properly before the Court. Averments in briefs are not in compliance with the provisions of Fed. R.Civ.P. 56.

■ The attachments, made in Massachusetts, by the attaching creditors under Massachusetts law, are valid with an exemption of $50 for "wages." [3] Be-

---

2. Foster's Application, 23 Dist. 558 (1914) aff'd. 60 Pa.Super. 8 (1915).

3. It is provided in 8A Mass.Laws Annot., chapter 246, § 28:

"If wages for personal labor or personal services of a defendant are attached for debt or claim, an amount not exceeding fifty dollars out of the wages then

**1220**

cause wage attachments are valid under the law of Massachusetts, the Courts of Pennsylvania will give effect to such attachments and will uphold their validity. Bolton v. Pennsylvania Co., 88 Pa. 261 (1878).

██ Therefore, Pennsylvania will not exempt from attachment wages earned by and due a citizen of Pennsylvania, even though all the work was performed in Pennsylvania, where the attachments are valid under the law of such sister state. Caddie Homes Inc. v. Falic, 211 Pa.Super. 333, 337, 235 A.2d 437 (1967).

Substantial questions of fact exist as to whether any or all of Miller's remuneration, which constitutes the fund in issue, represents wages or salary as an employee or commissions as an independent contractor.

The written contract,[4] dated April 1, 1951, between plaintiff and Miller which sets forth his duties, is susceptible of the interpretation that Miller was an independent contractor. However, under the contract, Massachusetts Mutual reserved to itself some measure of control over Miller's duties and his operation of their Philadelphia office which delimits his powers as a general agent. These issues appear to necessitate a fact finding process better achieved through a trial on the merits.

Under Rule 56(d) we are permitted to make a pretrial adjudication on certain matters in order to speed up litigation.

Accordingly, we make the following:

ORDER

Now, this 30th day of June 1969, it is ordered that:

1. the motion of Gordon S. Miller and his wife for summary judgment is denied;

2. the assignments by Miller to the Central-Penn National Bank and Lehigh

due to the defendant for labor performed or services rendered during each week for which such wages were earned but not paid shall be reserved in the hands of the trustee and shall be exempt from such attachment."

Valley Trust Co. are valid and enforceable under Pennsylvania law;

3. the attachments validly made in Massachusetts by the remaining defendants are enforceable under Pennsylvania law;

4. the exact status of Miller under his contract with Massachusetts Mutual is a material question of fact which requires a trial.

4. See affidavit contra motion for summary judgment filed by Richard H. Keenan, Senior Vice President of Central-Penn National Bank.