**Attachment of Wages**

KANE, *Attorney General,* September 30, 1975.— We have been asked to answer the question of whether to allow the attachment of a Pennsylvania debtor's wages when the debt arises in a foreign jurisdiction wherein the wages may be lawfully attached. In a recent case, a Pennsylvania citizen who incurred a debt in New Jersey requested, in accordance with the Wage Payment and Collection Law of July 14, 1961, P. L. 637, 43 PS §§260.8, 260.9, that the Pennsylvania Department of Labor and Industry disallow the attachment of his wages earned in Pennsylvania by his employer who does business in both New Jersey and Pennsylvania.

In an official Attorney General opinion dated October 5, 1973, 3 Pa. B. 25, it was determined that it was unlawful for creditors doing business in Pennsylvania to garnish or attach wages of Pennsylvania employes by obtaining judgments in foreign jurisdictions. Such garnishments are an attempt to circumvent the laws of the Commonwealth and are in violation of section 5 of the Act of April 15, 1845, P. L. 459, 42 PS §886, and the Act of May 23, 1887, P. L. 164, as amended, 12 PS §§2175, 2176. The latter act states:

"[I]t shall be unlawful for any person or persons being a citizen or citizens of this Commonwealth, to institute an action on, or to assign or transfer any claim for debt against a resident of this Commonwealth for the purpose of having the same collected by proceedings in attachment in Courts outside this Commonwealth."

The opinion further stated that these "foreign wage attachments" are not entitled to recognition under the full faith and credit clause of the Constitution, although the underlying judgments are. These "foreign wage attachments" which attempt to circumvent the Pennsylvania law are dissimilar from the instant case.

Where a debt is incurred by a Pennsylvania citizen, collection of the debt by attachment or garnishment of the debtor's wages by a creditor doing business outside the Commonwealth and in a state wherein there are no laws prohibiting the attachment of wages is lawful: Bolton v. Pennsylvania Company, 88 Pa. 261 (1878). In this case, the law of the forum wherein the legal action for attachment is brought is controlling. Bolton, supra, has been followed in the recent case of Caddie Homes, Inc. v. Falic, 211 Pa. Superior Ct. 333, 235 A. 2d 437, 439 (1967), wherein the Superior Court stated:

"[I]t has long been the general rule in Pennsylvania and elsewhere that the law of attachment and exemp-

tion are governed by the law of the forum, not the law of the state where the debt arose. The applicability of this doctrine, insofar as it has affected Pennsylvania residents may be best demonstrated by reference to two older cases."

The two older cases include Bolton, supra.

The law of the forum wherein the legal action takes place determines whether attachments are permitted. Pennsylvania's sister state, New Jersey, allows the attachment of the wages of its citizens. As such, Pennsylvania must give full faith and credit to the law of New Jersey by honoring the attachment of a Pennsylvanian's wages when his wages are subject to attachments in New Jersey, and when the creditor is doing business in New Jersey and when an action to attach wages is brought in New Jersey. In Massachusetts Mutual Life Insurance Company v. Central-Penn National Bank of Philadelphia, 300 F. Supp. 1217 (E. D. Pa., 1969), wherein an employe's wages were attached in Massachusetts, the federal court discussed the issue at hand. Judge Kraft, in that case, stated (at p. 1220) that "Pennsylvania will not exempt from attachment the wages earned by and due a citizen of Pennsylvania even though all the work was performed in Pennsylvania, where the attachments are valid under the law of such sister state." He cited the Bolton case as authority for his decision. In Massachusetts, supra, the wages, though earned in Pennsylvania, were paid by the creditor doing business in Massachusetts where wage attachments are lawful.

Section 132 of Restatement 2d, Conflict of Laws, says that, in matters of exemption, it is the law either of the "state of the forum" and/or the "state which has the dominant interest" which controls:

"The local law of the forum determines what property of a debtor within the state is exempt from execution unless another state, by reason of such cir-

cumstances as the domicil of the creditor and the debtor within its territory, has the dominant interest in the question of exemption. In that event, the local law of the other state will be applied."

Pennsylvania law and policy is consistent with the Restatement. If both debtor and creditor are residents of or doing business within the Commonwealth, then the domiciliary state has the dominant interest and its laws would govern. This principle was well demonstrated in Bolton, supra, and detailed in the Attorney General opinion cited above. In the instant case, the creditor is doing business in New Jersey and the debtor's wages are subject to attachment in New Jersey. Therefore, the usual case of the state of the forum being the state which has the dominant interest applies and its laws govern.

Accordingly, it is our opinion and you are hereby advised that the Department of Labor and Industry, which is charged with the enforcement of the Commonwealth's anti-garnishment statute, may not challenge an attachment of the wages of a Pennsylvania citizen when the citizen has entered into an obligation with a creditor in a jurisdiction wherein the wages may be legally and are, in fact, attached. Such recognition and enforcement of another state's garnishment statutes does not violate the intent or the provisions of the Pennsylvania statutes.