369 A.2d 754

John D. BOWMAN and Merle Bowman, his wife, et al., Appellants,

v.

SEARS, ROEBUCK & COMPANY.

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided Nov. 22, 1976.

Thomas F. Schilpp, Media, for appellants.

Michael R. Bradley, Media, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

HOFFMAN, Judge:

This appeal is from the order of the lower court granting defendant-appellee's motion for summary judgment. Appellant [1] contends that the decision was improper because a genuine issue of fact exists and, under current case law, her claim should reach the jury. We agree that appellee's motion for summary judgment was improperly granted, and therefore, reverse the lower court's order.

Appellant, her two adult daughters and two grandchildren were shopping in appellee's department store in Glen Riddle, Delaware County, on March 6, 1974. Appellant alleges in her complaint filed on March 21, 1974, that, while shopping, she saw five men employed by appellee accost and forcibly remove her daughters from the shopping area. The complaint also alleges that appellee's employees detained them for approximately one-half

1. Appellant's husband, John Bowman, filed a derivative claim against appellee based upon the deprivation of his wife's society and her medical expenses. Although he also appeals from the order of the lower court, references herein to appellant are to Merle Bowman. Appellant's daughters, Mary Moyer and Carolyn Lincoln and their husbands, are plaintiffs in the same action against appellee. However, they are not parties to this appeal, because appellee did not file a summary judgment motion against them.

hour. Upon returning to appellant, her daughters found her in a state of great anxiety. Appellant alleges that she suffered a severe heart attack as a direct result of appellee's reckless, wanton, and willful misconduct. She avers that this injury resulted not only from the mental anguish and shock of seeing the assault upon her daughters, but also from her own fear of physical impact from the appellee's conduct.

The parties took depositions in the instant case on August 6, and August 8, 1974. In her deposition, appellant stated that while she was seated in the shoe department of appellee's store she saw the appellee's employees assault her daughters and force them onto an elevator. Her testimony does not indicate clearly the distance between her and the store employees at the time of the alleged assault.

Appellant further testified that after her daughters returned from the security office, she tried to find the store manager to obtain an explanation for the assault and detention. A few minutes later she collapsed in the store. One of appellee's employees summoned an ambulance, and appellant was taken to the hospital. Appellant suffered a heart attack for which she was hospitalized two and one-half weeks.

On August 28, 1974, appellee moved for a summary judgment against appellant on the ground that there was no tortious conduct of the appellee or appellee's agents directed toward appellant. The lower court granted the motion because it concluded that appellant was not in any fear of personal danger of physical contact; she was merely a passive observer some distance away from the activity. The lower court based its decision on *Niederman v. Brodsky*, 436 Pa. 401, 261 A.2d 84 (1970), and held that appellant did not meet the threefold test of *Niederman* which requires that a plaintiff allege facts which, if proven, establish that the negligent force was aimed at him, and put him in personal danger of physical

impact, and that he actually did fear the force. The trial court found that appellant's sole relationship to the event was a vicarious one. Appellant challenges the grant of summary judgment and argues that whether she meets the requirements of *Niederman* is a triable issue of fact.

The law on summary judgment is well-settled. "Summary judgment is made available by Pa.R.C.P. 1035, 12 P.S.Appendix, when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits considered together reveal no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. This severe disposition should only be granted in cases where the right is clear and free from doubt. To determine the absence of a genuine issue of fact, the court must take the view of the evidence most favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment." (citations omitted) *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 458, 341 A.2d 174, 177 (1975). Thus, we need only determine whether there is a genuine issue of triable fact.

Appellant first contends that whether she was put in actual fear of physical impact to herself is a question of fact for the jury. Prior to 1970, Pennsylvania upheld the "impact rule" which precluded a plaintiff's recovery for emotional distress unless he had shown that some physical impact, however slight, had resulted from a defendant's negligence. *Bosley v. Andrews*, 393 Pa. 161, 142 A.2d 263 (1958). In *Niederman*, as a result of defendant's reckless driving, his car jumped the curb, skidded on the sidewalk and hit plaintiff's son. Plaintiff, who was standing next to his son at the time, escaped injury from the car. Immediately thereafter the plaintiff suffered severe heart problems. The Court in *Niederman* held: "We today choose to abandon the requirement of a physical impact as a precondition to re-

covery for damages proximately caused by the tort in only those cases like the one before us where the plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear the physical impact." 436 Pa. at 413, 261 A.2d at 90. Thus, under *Niederman,* a plaintiff must allege facts which, if proven, establish that the negligent force was aimed at him and put him in personal danger of physical impact and that he actually did fear the force. Although *Niederman* expanded the scope of a defendant's liability, the language carefully limited the holding to the facts before the Court.

The Restatement (Second) of Torts has adopted an approach similar to that in *Niederman:* § 436 " . . . (2) If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock, or other similar and immediately emotional disturbance, the fact that such harm results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability." The comments to § 436 make clear that it retains the requirement that the plaintiff be within the zone of danger. See comments *b* and *f,* § 436, Restatement (Second) of Torts.

[3, 4] Tort law uses words such as foreseeability, duty, and proximate cause which serve to limit liability for negligent acts in accordance with a court's and presumably society's notions of the just and feasible bounds of an actor's moral culpability. *Scarf v. Koltoff,* 242 Pa.Super. 294, 363 A.2d 1276 (1976). In *Palsgraf v. Long Island R. Co.,* 248 N.Y. 339, 162 N.E. 99 (1928), the Court stated the issue of foreseeability in terms of duty, holding that negligence was a matter of relation between the parties which must be founded on the foreseeability of harm to the person in fact injured. A plaintiff may

only sue in his own right for a wrong personal to him, and not as the vicarious beneficiary of a breach of duty to another. Thus, a plaintiff who is himself in a position of safety cannot recover for mental shock and injury brought about by the sight of harm or peril to another person within the danger zone. *Palsgraf v. Long Island R. Co.*, supra. This view is in harmony with the holding in *Niederman* that a plaintiff must be within the zone of danger in order to recover. Moreover, our Court has refused to expand the Court's decision in *Niederman* to include a bystander who was not in personal danger of physical impact and did not fear such impact. *Scarf v. Koltoff*, supra.

In the instant case, the lower court held, as a matter of law, that appellant was not within the zone of danger and, therefore, could not have been in fear for her own safety. However, appellant alleged in her complaint that her injuries resulted not only from her observation of the assault upon her two daughters, but also from appellee's treatment of appellant. Moreover, there is no clear evidence in the deposition as to the distance between appellant and her daughters at the time of the assault. Therefore, viewing the evidence in the light most favorable to the appellant, *Kent v. Miller*, 222 Pa. Super. 390, 294 A.2d 821 (1972), she may have been in personal danger of physical impact and she may have actually feared such physical impact. Because appellant has alleged that her injury resulted directly from appellee's conduct and that she was in the immediate vicinity of the assault, her claim that she was within the zone of danger presents a triable question of fact for the jury.[2]

2. Appellant also contends that because appellee's conduct was intentional, and not merely negligent, that she is excused from proving that she was within the zone of danger. Because we find that appellant is entitled to proceed to trial, it is unnecessary to decide this question.

See *Prince v. Pavoni*, 225 Pa.Super. 286, 302 A.2d 452 (1973).

We remand for proceedings consistent with this opinion.

PRICE, J., concurs in the result.

JACOBS and VAN der VOORT, JJ., note their dissent.