## Jones v. United States Steel Corp.

*John M. McAllister*, for plaintiff.
*Charles F. Sampsel*, for defendant.

GARB, *J.*, December 22, 1977 — This is an action in trespass in which plaintiff, an alleged wage earner, seeks to recover certain sums deducted from his pay by defendant in response to a wage attachment issued by a competent court in the State of New Jersey on behalf of a New Jersey judgment creditor. In addition to the pleadings constituting a complaint, answer and new matter and reply thereto, a stipulation of fact has been entered of record. Thereafter, cross motions for summary judgment have been filed and the matter praeciped for disposition by the undersigned under and pursuant to Bucks County Rule of Civil Procedure *266. We are satisfied that all necessary factual matters are now of record by virtue of the pleadings and stipulation, there are no controverted questions of fact and, therefore, summary judgment is appropriate. See Nash v. Chemetron Corporation, 246 Pa. Superior Ct. 595, 371 A. 2d 992 (1977); Bowman v. Sears, Roebuck & Company, 245 Pa. Superior Ct. 530, 369 A. 2d 754 (1976); Wade v. Heisey, 243 Pa. Superior Ct. 8, 364 A. 2d 423 (1976), and McFadden v. American Oil Company, 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969).

The facts of record establish that plaintiff at all relevant times hereto was a resident of the Commonwealth of Pennsylvania. Defendant is a corpo-

ration duly organized and incorporated under the laws of the State of Delaware and does business both in the State of New Jersey and the State of Pennsylvania. The wage garnishment in issue herein came about as a result of a default judgment entered in a court of competent jurisdiction in New Jersey as a result of a loan made to plaintiff in New Jersey by Anchor Finance Company, the New Jersey court having jurisdiction to render the judgment. Plaintiff notified defendant herein on several occasions of his objection to the aforesaid wage attachment. Notwithstanding the foregoing, defendant continued to withhold sums of money pursuant to the New Jersey wage attachment. Plaintiff had been employed previously at the Trenton works of defendant and ceased such employment on September 5, 1969. Plaintiff resumed employment for defendant on October 13, 1969, at defendant's Fairless Works in Bucks County, Pa., and continued such employment until April 2, 1975. While so employed at the Fairless Works, the sum of $1,071.19 was withheld by defendant and paid to the Sheriff of Mercer County, N.J., for the credit of Anchor Finance Company holding the writ of attachment against plaintiff. Plaintiff was employed at defendant's Trenton works on April 2, 1968, the date on which the attachment execution proceedings were served upon defendant. Although defendant has paid to the Sheriff of Mercer County, N.J., the total sum of $2,079.89, representing the full amount of the judgment with final payment made on January 6, 1971, only the sum of $1,071.19 being the sum which was paid during plaintiff's employment at the Fairless Works, is in controversy herein. Plaintiff has not brought any actions in the State of New Jersey to contest the validity of the

judgment or garnishment proceedings of Anchor Finance Company. The laws of the State of New Jersey permit execution upon wages of a judgment debtor for purposes of satisfaction of a judgment.[1]

Plaintiff seeks judgment based upon the provisions of the Act of April 15, 1845, P.L. 459, sec. 5, 42 P.S. §886, which provides as follows:

"If the garnishee in his answers admit that there is in his possession or control property of the defendant liable under said act to attachment, then said magistrate may enter judgment specially, to be levied out of the effects in the hands of the garnishee, or so much of the same as may be necessary to pay the debt and costs: Provided however, That the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer."

The provision of this section relating to proceedings before justices of the peace and which exempts wages or salary from attachment in hands of an employer applies to all judgments in whatever court rendered: Hollander v. Kressman, 143 Pa. Superior Ct. 32, 17 A. 2d 669 (1941).

The question for determination, therefore, is whether a judgment rendered by a court of competent jurisdiction of a sister State against a Pennsylvania resident may be satisfied by execution against wages of that judgment debtor in the hands of a Pennsylvania employer where such execution would be lawful under the laws of the State rendering the said judgment and where the execution is effected in that State. As we view the law of this

1. Although plaintiff sought punitive and exemplary damages and attorney's fees in his complaint, these prayers for relief have been waived.

Commonwealth, we determine that the answer is that such execution is lawful in Pennsylvania. This question was answered many years ago by our Supreme Court in Bolton v. Pennsylvania Company, 88 Pa. 261 (1879), wherein it was held that such execution and wage attachment is lawful in spite of the foregoing Act of Assembly. The holding of Bolton v. Pennsylvania Company, supra, was affirmed most recently in Caddie Homes, Inc. v. Falic, 211 Pa. Superior Ct. 333, 235 A. 2d 437 (1967), wherein the Superior Court construed Bolton as holding that wages earned by and due a citizen of Pennsylvania, where such wages are exempt from attachment, may, nevertheless, be attached in another State, where no law exists prohibiting the attachment of wages. The Superior Court in Caddie Homes, Inc. v. Falic, supra, likewise reaffirmed the pivotal case cited in Bolton v. Pennsylvania Company, supra, of Morgan v. Neville, 74 Pa. 52 (1873).

The clearest explication of this doctrine on a case factually indistinguishable from the one before us is to be found in Austin v. Westinghouse Electric Corporation, 59 D. & C. 2d 178 (1972). In that case Judge Acker held as follows:

"However, if a valid judgment is obtained against an employe who would normally have the benefit of the Act of 1845 but in a foreign jurisdiction and to then attach wages in the hands of the employer in that jurisdiction, assuming that proceedings to be without collusion, the Pennsylvania employe may not set up the Act of 1845 to prevent the collection of the moneys. The foreign jurisdiction may disregard the Pennsylvania act exempting the laborer from attachment in the hands of the employer: Morgan v. Neville, 74 Pa. 52 (1873), specifically reaffirmed in Bolton v. Pennsylvania

Company, 88 Pa. 261 (1878). As recently as 1967 in Caddie Homes, Inc. v. Falic, 211 Pa. Superior Ct. 333, 235 A. 2d 437, the Pennsylvania Superior Court reviewed the law in such situations in Pennsylvania and elsewhere, concluding that the law of the forum controls whether laws of attachment and exemption shall be applied [citations omitted]. As recently as 1969 the United States District Court for the Eastern District of Pennsylvania in Massachusetts Mutual Life Insurance Company v. Central-Penn National Bank of Philadelphia, 300 F. Supp. 1217 (1969), reaffirmed the principle of Bolton v. Pennsylvania Company, supra, and Caddie Homes, Inc., supra, concluding that because wage assignments are valid under the law of Massachusetts the courts of Pennsylvania will give effect to such attachments and will uphold their validity, even though the wages were earned by a citizen of Pennsylvania in Pennsylvania."

In Massachusetts Life Insurance Company v. Central-Penn National Bank, supra, cited in Austin v. Westinghouse Electric Corporation, supra, it was held that the attachments made in Massachusetts by the attaching creditors under Massachusetts law are valid. Because wage attachments are valid under the law of Massachusetts, the courts of Pennsylvania will give effect to such attachments and will uphold their validity. The Federal District Court in this opinion once again cites Bolton v. Pennsylvania Company, supra, as authority.

Most recently, the Attorney General of Pennsylvania entered an official opinion to the Secretary of Labor and Industry regarding the enforceability of judgment execution and attachments of the wages of a Pennsylvania resident earned from a Pennsylvania employer. Therein, the Attorney General held

that the law of the forum wherein the legal action takes place determines whether attachments are permitted. New Jersey allows the attachment of wages of its citizens and, therefore, Pennsylvania must give full faith and credit to the law of New Jersey by honoring the attachment of a Pennsylvanian's wages when his wages are subject to attachment in New Jersey, and when the creditor is doing business in New Jersey and when an action to attach wages is brought in New Jersey. The opinion of the Attorney General was consistent with and cited the case of Massachusetts Mutual Life Insurance Company v. Central-Penn National Bank of Philadelphia, supra. The Attorney General likewise cited Bolton v. Pennsylvania Company, supra, and Caddie Homes, Inc. v. Falic, supra.

We are satisfied, therefore, that the judgment was secured by a New Jersey judgment creditor in New Jersey from a court of competent jurisdiction therein. The action was not brought for the purpose of circumventing the Pennsylvania law prohibiting attachment of wages. At the time of the securing of the judgment and the wage execution, plaintiff, although at all times a resident of Pennsylvania, was employed by defendant in New Jersey. The fact that he subsequently transferred his employment to Pennsylvania for the same employer, defendant, does not constitute a bar to the New Jersey judgment creditor to attach his wages in Pennsylvania. Accordingly, summary judgment must be entered in favor of defendant and against plaintiff.

## ORDER

And now, December 22, 1977, it is hereby ordered, directed and decreed that summary judg-

ment shall be entered in favor of defendant and against plaintiff. Plaintiff's motion for summary judgment is dismissed.