## Crivellaro v. Pa. Power and Light Co.

*Paul F. McHale, Jr.*, for plaintiff.

*K. Robert Conrad, Nancy J. Gellman, Kathryn B. Solly*, for defendant Pa. Power & Light Co.

*Walter J. Timby, Jr.*, for defendant Deborah Bern.

*Greenleigh Associates, Inc.*, pro se.

*Frederick T. Lachat, Jr.*, for defendant A. D. Gosman d/b/a Spofford Hall.

*Boyd H. Walker*, for additional defendant Salomon Bensimhon, M.D.

DIEFENDERFER, *J.*, March 1, 1982—This matter is before the court pursuant to preliminary

objections in the nature of a demurrer raised by two of the above name defendants Pennsylvania Power & Light Company (PP&L) and A. D. Gosman d/b/a Spofford Hall (Spofford Hall).

Since March 24, 1975, plaintiff has been employed as a secretary by PP&L. Plaintiff alleges that on September 22, 1980, at approximately 11:00 am, she was called into Mr. C. D. Caliendo's office, one of the attorneys in the legal department at PP&L for whom she worked, and he informed her that an appointment had been scheduled for 11:30 am the same day for her with defendant Bern, a social worker employed by the Employee Consultation Service (ECS). ECS is an employee assistance program sponsored by PP&L to provide free professional and confidential counseling to employees concerning problems affecting their job performance. ECS is alleged to be a division of Greenleigh as well as an agent, servant, and employee of PP&L. Further, defendant Bern is alleged to be an agent, servant and employee of PP&L.

When plaintiff met with defendant Bern, it is alleged that Ms. Bern told her that she was "on the verge of being fired" and repeatedly indicated that if plaintiff did not submit to counseling, her employment with PP&L would be terminated (plaintiff's complaint, paragraphs 24, 25, hereinafter C. P.). Between September 22, and September 30, 1980, plaintiff met with defendant Bern on four separate occasions throughout which plaintiff claims defendant Bern said plaintiff was suffering from chronic drug dependency which would require treatment at a "psychiatric care facility known as Spofford Hall." It is further alleged that defendant Bern told plaintiff that her continued employment at PP&L was dependent upon her completion of a 30 day residential counseling program at Spofford Hall.

During her stay at Spofford Hall, plaintiff claims that she did not receive the treatment that was promised her by defendant Bern, in that she never received any type of professional psychiatric help, but rather was subject to an intensive and abusive alcohol and drug detoxification program. Also, plaintiff alleges she was told by the agents, servants, and employees of Spofford Hall that her failure to complete the program would result in termination of her employment with defendant PP&L, and that as a result, plaintiff remained there for 33 days. Plaintiff maintains that she is currently free from any sort of drug use or dependency and has never been subject to the influence of any addictive drugs.

Based on the above general recitation of allegations, plaintiff, on September 11, 1981, instituted an action in trespass against the above named defendants. Plaintiff claims that these alleged events constitute seven causes of action including intentional and negligent misrepresentations, false imprisonment, intentional and negligent inflictions of emotional distress, negligence (against PP&L for selection of counseling services), and the intentional breach of the duty of confidentiality which in a convoluted way appears to be a claim for defamation.

As previously stated, defendants PP&L and Spofford Hall have demurred to various counts of the complaint. It is axiomatic that a demurrer admits as true all material facts sufficiently pleaded in the complaint, and all inferences fairly deducible therefrom: Engel v. Friend's Hospital, 439 Pa. 559, 266 A. 2d 685 (1970). "Preliminary objections in the nature of a demurrer should be sustained *only* where it appears with certainty that upon the facts averred the law will not permit plaintiff to recover."

(Emphasis added.) Papieves v. Kelly, 437 Pa. 373, 263 A. 2d 118 (1970). Hence, the complaint must be examined to see if it sets forth a cause of action, which if proven, would entitle the party to the relief sought.

Defendant PP&L has demurred to counts 1, 3, 4 and 7 of plaintiff's complaint, while defendant Spofford Hall has demurred to counts 3 and 5.

Counts 1 and 4 must be construed together. Plaintiff seeks redress for intentional misrepresentation (count 1) and the intentional infliction of emotional distress (count 4) based upon alleged misrepresentations made by defendant PP&L is liable for alleged intentional misrepresentations[1] made to plaintiff by defendant Bern in various counseling sessions. Defendant PP&L admits agency with respect to defendant Bern and ECS for purposes of the matter herein, however, maintains that even with such an admission, it cannot be held liable for its agent's misrepresentations unless it is alleged that PP&L (as principal) authorized, par-

---

1. Plaintiff alleged in paragraph 32 of her complaint the following misrepresentations made by defendant Bern:

A. That the plaintiff's continued employment by PP&L was expressly conditioned upon completion of the 30-day residential treatment program provided by Spofford Hall.

B. That Spofford Hall was a professionally staffed "psychiatric care facility."

C. That the plaintiff Louise Crivellaro suffered from chronic dependency upon addictive drugs or other illicit chemical substances.

D. That the plaintiff Louise Crivellaro's medicinal prescriptions would be refilled during her attendance for psychiatric counseling of Spofford Hall.

E. That the plaintiff Louise Crivellaro would receive competent psychiatric counseling provided by professionally trained psychiatrists during the course of her treatment at Spofford Hall.

ticipated in or knowingly permitted the agent to make them.

It is clear that Pennsylvania follows the minority rule in that an unknowing principal is not liable for the fraudulent acts of its agent.[2] Buffalo Sav. Bank v. Pompillii, 63 Lanc. Rev. 477 (1972). Accordingly, a principal may be held liable for his agent's misrepresentations only where it is shown that he authorized, participated in, or knowingly permitted the agent to make them: Eckrich v. DiNardo, 283 Pa. Super. Ct. 84, 423 A. 2d 727 (1980); Shane v. Hoffmann, 227 Pa. Super. 176, 324 A. 2d 532 (1974).

Based upon the pleadings before the court, plaintiff's allegations appear to be insufficient to establish the scienter necessary to hold defendant PP&L liable under the principles set forth in Eckrich and Shane, supra. However, we are disinclined to permanently dismiss counts one and four since it appears there is a reasonable possibility that the deficiency can be cured by amendment: Otto v. American Mutual Insurance Co., 482 Pa. 202, 393 A. 2d 450 (1978). Therefore, defendant PP&L's demurrer to counts one and four will be sustained without prejudice to plaintiff's right to file an amended complaint within twenty days after service of this opinion and order.

Both defendant PP&L and defendant Spofford Hall have demurred to plaintiff's claim for false imprisonment, plaintiff's third cause of action, on the grounds that plaintiff's allegations failed to establish unlawful detainment or confinement. While plaintiff admitted in her complaint that she consented to confinement at Spofford Hall, she also alleged that such consent was involuntary as it was

_____

2. See Restatement of Agency §§ 257, 258 for majority rule.

induced by misrepresentations.[3] Plaintiff further alleged that she repeatedly indicated to agents and employees of defendant Spofford Hall that she did not wish to participate in the program but that every time she did, she was threatened with the termination of her employment by PP&L.

The basic issue before the court is whether, absent allegations of physical restraint, barriers, or confinement, allegations of unlawful confinement by misrepresentations or duress can withstand a demurrer.

At the outset, it must be noted that conclusions of law and mere inferences are not relevant parts of the pleading to be considered for purposes of a demurrer: Lerman v. Rudolph, 413 Pa. 555, 198 A. 2d 532 (1964). Hence, plaintiff's allegation of "involuntary confinement" and "false imprisonment" (C. P. 50, 54) are not pertinent to this discussion. Rather, this court must construe only the factual averment: Papieves, supra.

The tort of False Imprisonment may entail liability to an actor if: (1) he acts intending to confine the other or a third person within boundaries fixed by the actor and (2) his act directly or indirectly results in such a confinement of the other, and (3) the other is conscious of the confinement or is harmed by it: Restatement (Second) of Torts, §35 (1965); Gagliardi v. Lynn, 446 Pa. 144, 148 n.2, 285 A. 2d 109, 111 n.2 (1971). Although the case law on the issue of what constitutes confinement is to say the least scant, we believe that some element of force, threatened force or actual physical restraint is necessary for a plaintiff to establish a cause of action for false imprisonment: Hamilton v. Jamieson, 355 F. Supp. 290 (E.D. Pa. 1973); See

---

3. See note 1 for alleged misrepresentations.

also 32 Am. Jur. 2d § 16 (1967). In Hamilton, the court stated at page 297, "False Imprisonment basically applies to force used to confine a person illegally." Further, where threats of future courses of action are made (i.e. possibility of criminal prosecution) in an effort to confine or restrain a person, such threats are insufficient to constitute confinement: Am. Jur., supra. As previously indicated, plaintiff argues that she was falsely imprisoned because her consent was induced by misrepresentation and duress and cites sections 40A and 892B of the Restatement (Second) of Torts for support thereof. Neither of these sections, however, have been adopted by the courts of Pennsylvania and we decline to do so as it is more appropriately within the province of the Appellate Courts.[4]

Therefore, the demurrer of defendants PP&L and Spofford Hall to count three of plaintiff's complaint is hereby granted.

Next, defendant Spofford Hall has demurred to plaintiff's claim for damages for the negligent infliction of emotional distress (count 5). Plaintiff alleged that defendant Spofford Hall negligently failed to determine whether or not plaintiff was under the influence or addicted to drugs or alcohol before subjecting her to treatment and as a result thereof, plaintiff "suffered from severe emotional distress and related physical trauma." (C. P. 65, 66)

The general rule governing recovery for the negligent infliction of emotional distress is found in the

---

4. We are not inclined to expand liability for false imprisonment where under the facts as presented and as argued by plaintiff (i.e. consent induced by misrepresentation), liability may be more appropriately imposed under the theory of intentional misrepresentation.

Restatement (Second) of Torts, §436, which provides:

Physical Harm Resulting from Emotional Disturbance

(1) If the actor's conduct is negligent as violating a duty of care designed to protect another from a fright or other emotional disturbance which the actor should recognize as involving an unreasonable risk of bodily harm, the fact that the harm results solely through the internal operation of the fright or other emotional disturbance does not protect the actor from liability.

(2) If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock, or other similar and immediate emotional disturbance, the fact that such harm results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability.

(3) The rule stated in Subsection (2) applies where the bodily harm to the other results from his shock or fright at harm or peril to a member of his immediate family occurring in his presence.

Restatement (Second) of Torts §436A states:

Negligence Resulting in Emotional Disturbance Alone

If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

Hence, the negligent actor is not liable when his conduct results in emotional distress alone, without some sort of physical or bodily harm or other

compensable harm resulting from such distress. See also Banyas v. Lower Bucks Hospital, No. 836 Philadelphia (Pa. Super. Ct. December 4, 1981); Bowman v. Sears, Roebuck & Company, 245 Pa. Super. Ct. 530, 369 A. 2d 754 (1976); Lentz v. Medical Diagnostic Lab. and Metpath, Inc., No. 81-C-2291 (C. P. Lehigh January 27, 1982).

Prior to 1970, Pennsylvania Courts also required that plaintiff be physically impacted from the negligent force: Knaub v. Gotwalt, 422 Pa. 267, 220 A. 2d 646 (1966). In Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970), the court abandoned this rule to the extent of granting a cause of action to a plaintiff within the "zone of danger" of such impact. Finally, in Sinn v. Burd, 486 Pa. 146, 404 A. 2d 672 (1979), the court expanded recovery to include those persons, closely related to the actual victim, who observed the injury to the victim, thereby allowing bystander recovery in certain situations.

Therefore, where plaintiff is the actual victim of the negligent force, he must show that the negligent force impacted him or that he was in the zone of danger of such impact and that he suffered some bodily injury or physical manifestation as a result of any attendant emotional distress. In Bowman, supra, plaintiff while shopping with her two daughters, suffered a heart attack in the store after observing five employees of the store accost and forcibly remove her daughters. The court in upholding plaintiff's claim for negligent infliction of emotional distress held that plaintiff was in the zone of danger in that she feared that the employees might also accost her.

It appears to this court that plaintiff may have a cause of action under Pennsylvania law. She was clearly within the "zone of danger" since as a result

of defendant Spofford Hall's negligence, she was allegedly subject to treatment in the nature of a detoxification program. However, plaintiff's allegation of bodily harm in the nature of "physical trauma" resulting from her alleged emotional distress is insufficient: Pa.R.C.P. 1019(a); Smith v. Cipriano, 66 Luzurne 116, p. 76. In Smith, plaintiff's complaint generally described her injuries as "severe damage to her nerves and nervous system . . . " and the court held that such allegations were not specific enough in that they were not supported by material facts. Again, it must be noted that conclusions of law and mere inferences are not to be considered for purposes of a demurrer: Lerman, supra. Accordingly, since there are no factual allegations supporting plaintiff's claim of "physical trauma," defendant Spofford Hall's demurrer must be granted, but will be done so without prejudice of plaintiff's right to file an amended complaint within twenty days after service of this opinion and order.

Finally, defendant PP&L has demurred to plaintiff's seventh cause of action wherein recovery is sought for the alleged "improper defamation of (plaintiff's) character and professional competence and for severe emotional trauma." Plaintiff claims that after she returned from Spofford Hall, defendant Bern disclosed certain confidential information to Mr. Caliendo and that such disclosure was in contravention of ECS's written policy of non-disclosure of confidential communication. Plaintiff maintains that both defendant PP&L and defendant ECS assured her that the counseling sessions would be kept in strictest confidence. Plaintiff has sought recovery for the above damages under a claim entitled, "Intentional Breach of the Duty of Confidentiality."

While this court feels that plaintiff may have some cause of action based upon defendant's disclosure of confidential information, our research reveals no valid cause of action specifically for the "Intentional Breach of the Duty of Confidentiality." It is a cornerstone of tort law that an intentional wrongdoer is liable for all proximate results of his actions, 37 P.L.E. Torts §1, and accordingly plaintiff may have valid causes of action for the intentional infliction of emotional distress and defamation, however, such claims must be properly pleaded as such, and count seven of plaintiff's complaint is not.[5] Accordingly, defendant PP&L's demurrer to count seven of plaintiff's complaint is sustained without prejudice of plaintiff's right to file an amended complaint within 20 days of service of this order and opinion.

## ORDER

Now, March 1, 1982, the preliminary objections of defendant PP&L in respect to PP&L's demurrer to the first and fourth causes of action of plaintiff's complaint, said demurrer will be sustained without prejudice of the right of plaintiff to file an amended complaint within 20 days after service of this opinion and order. The demurrer of defendant PP&L to plaintiff's third cause of action is hereby granted and said cause of action is dismissed. In respect to the demurrer of defendant PP&L to plaintiff's seventh cause of action, said demurrer is hereby sustained without prejudice of the right of plaintiff to file an amended complaint within 20 days after service of this order and opinion.

---

5. For other potential causes of actions resulting from disclosure of confidential information see 11 Villanova Law Review 669 (1966).

In respect to the preliminary objections filed by defendant A. D. Gosman d/b/a Spofford Hall, said defendant's demurrer to plaintiff's third cause of action is hereby granted and said cause of action is dismissed. In respect to the preliminary objections of defendant A. D. Gosman d/b/a Spofford Hall to plaintiff's fifth cause of action, said demurrer is hereby sustained without prejudice to the right of plaintiff to file an amended complaint within 20 days after service of this order and opinion.