## Metzler v. Staples

C.P. of Monroe County, no. 1656 Civil 1994.

*Jill R. Snyder,* for plaintiffs.
*William P. Coffin* and *Paul T. Oven,* for defendants.

CHESLOCK, *J.,* December 12, 1996—This action commenced on July 8, 1994, when plaintiff filed a praecipe for writ of summons against defendants. On August 15, 1994, defendant Suzuki Motor Corporation, SMC, filed a demand for jury trial. Also on that date, American Suzuki Motor Corporation, ASMC, filed a demand for jury trial and praecipe for rule to file complaint. On August 30, 1994, defendant Steven Roy Kunkle filed a praecipe for rule to file complaint. Thereafter, on September 26, 1994, plaintiff filed a complaint versus the defendants seeking damages for injuries sustained in a motor vehicle accident. On September 28, 1994, plaintiff filed an amended complaint.

Defendant SMC filed preliminary objections on October 20, 1994. Also on that date, defendant Steven Kunkle filed an answer and new matter to plaintiff's complaint. On October 21, 1994, defendant ASMC filed its answer to plaintiff's amended complaint with new matter and cross-claims. On November 17, 1994, defendant SMC filed a praecipe requesting that its preliminary objections be scheduled for argument.

On December 9, 1994, defendant Jill Staples filed preliminary objections and praecipe for argument. This court issued an order on March 13, 1995 dismissing the preliminary objections of defendant Jill Staples and directing her to file an answer within 20 days.

On March 14, 1995, this court issued an order dismissing defendant SMC's preliminary objections and ordering it to file an answer within 20 days. Defendant SMC then filed a petition to amend order denying its preliminary objections. On April 13, 1995, this court issued an order denying defendant SMC's petition for amendment of order denying its preliminary objections. Defendant SMC then appealed said order to the Penn-

sylvania Superior Court. On June 19, 1995, the Pennsylvania Superior Court denied defendant SMC's petition to review decision.

On June 22, 1995, plaintiff filed (1) a reply to new matter and joinder of defendants-Staples; (2) a reply to new matter and additional new matter of defendant Kunkle; and (3) a reply to new matter and cross-claims of defendant ASMC. On June 26, 1995, defendant SMC filed its answer and new matter and a petition to stay proceedings against defendant SMC. This court entered an order on June 26, 1995 denying defendant SMC's petition to stay proceedings.

Thereafter, on March 4, 1996, plaintiff filed a motion to schedule hearing asking the court to hear testimony regarding a proposed compromise of a minor's action. A hearing was set for March 7, 1996. On July 25, 1996, this court entered an order *approving "the settlement of the interest of Matthew J. Metzler, a minor by his parents, Daniel E. Metzler and Margaret Metzler against American Suzuki Motor Corporation and Suzuki Motor Corporation only, for the gross sum of $22,500."* The court further stated that *"This order of court releases only American Suzuki Motor Corporation and Suzuki Motor Corporation, defendants from the above captioned action."* (emphasis added)

On November 7, 1996, defendants-Staples filed a motion for summary judgment and praecipe for argument. Defendant Kunkle likewise filed a motion for summary judgment and praecipe for argument on November 19, 1996. Plaintiff responded by filing (1) an affidavit opposing motion for summary judgment of defendants-Staples; (2) an answer to motion for summary judgment of defendant Kunkle; and (3) answer to defendants-Staples' motion for summary judgment. This court heard oral arguments on December 2, 1996. All parties have submitted briefs and we are now ready

to dispose of defendants-Staples' and defendant Kunkle's motions for summary judgment.

The law pertaining to motions for summary judgment is well settled. According to Rule 1035(b) of the Pennsylvania Rules of Civil Procedure, summary judgment: *"(b) shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . . "* Pa.R.C.P. no. 1035(b), 42 Pa.C.S. (emphasis added)

Pennsylvania courts have held that "[t]he moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law." *Pennsylvania Gas & Water Co. v. Nenna & Frain Inc.,* 320 Pa. Super. 291, 298, 467 A.2d 330, 333 (1983).

And, *"[t]he entire record is to be examined in the light most favorable to the party opposing the motion, and all doubts concerning the existence of a genuine issue of material fact must be resolved in that party's favor."* *Mattia v. Employers Mutual Companies,* 294 Pa. Super. 577, 579, 440 A.2d 616, 617 (1982), citing *Bowman v. Sears Roebuck & Co.,* 245 Pa. Super. 530, 369 A.2d 754 (1976). (emphasis added)

Furthermore, summary judgment should only be granted in cases where the right to it is free and clear from doubt. See *Pennsylvania Gas & Water Co., supra.* However, once the moving party has met its burden, the "adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. . . . " Pa.R.C.P. no. 1035(d), 42 Pa.C.S.

With these standards in mind, we now turn to defendants' motions for summary judgment. In support of its motion for summary judgment, defendants claim that within the petition to compromise minor's action filed with this court, plaintiff admits that the settlement paid by defendants American Suzuki Motor Corporation and Suzuki Motor Corporation represent "a full and fair settlement of the case, equal to or greater than that which may be obtained should the matter be fully litigated." (See paragraph 11 of petition, attached to defendants-Staples' motion for summary judgment.) In addition, the petition states that plaintiffs "approve of the proposed settlement because they consider it fair and reasonable and it adequately compensates minor plaintiff for the injuries sustained and the expenses (sic) concurred." *Id.* at paragraph 12. Thus, defendants argue that because plaintiff has received full and fair compensation for his injuries, the claims against the remaining defendants should be dismissed. We disagree.

It is our duty to review the entire record in a light most favorable to plaintiff, as he is the party opposing the motion for summary judgment. Hence, the petition to compromise minor's action to which defendants cite must be viewed in accordance with this court's order approving such compromise. As stated above, this court's order approving the petition to compromise minor's action clearly states that *"the settlement of the interest of Matthew J. Metzler, a minor by his parents, Daniel E. Metzler and Margaret Metzler against American Suzuki Motor Corporation and Suzuki Motor Corporation only, for the gross sum of $22,500."* And, that *"This order of court releases only American Suzuki Motor Corporation and Suzuki Motor Corporation, defendants from the above captioned action."* (emphasis

added) Viewing the language of the order together with the language of the petition for minor's compromise it becomes quite evident that plaintiff did not intend to release his claim against defendants-Staples and defendant Kunkle. This court's order makes clear that plaintiffs were releasing *only* defendants American Suzuki Motor Corporation and Suzuki Motor Corporation because he agreed that $22,500 was a full and fair settlement of his claim against these two defendants. Furthermore, plaintiff has filed an affidavit opposing defendants' motion for summary judgment which states that plaintiff believed the $22,500 to be a full and fair settlement of its claim against defendants ASMC and SMC only. Thus, a genuine issue of material fact still exists as to the liability of the remaining defendants. Wherefore, we find that defendants' motions for summary judgment should be denied.

Accordingly, we enter the following order:

## ORDER

And now, December 12, 1996, it is hereby ordered that defendants-Staples' motion for summary judgment is denied. It is further ordered that defendant Kunkle's motion for summary judgment is hereby denied.