440 A.2d 616

**Blanch E. MATTIA, Appellant,**

v.

**EMPLOYERS MUTUAL COMPANIES.**

Superior Court of Pennsylvania.

Argued April 1, 1981.

Filed Jan. 29, 1982.

David N. Rosen, Philadelphia, for appellant.

James W. Hennessey, Norristown, for appellee.

Before CERCONE, President Judge, and HESTER and JOHNSON, JJ.

CERCONE, President Judge:

On November 12, 1977, appellant, Blanch E. Mattia, was crossing Frankford Avenue in the city of Philadelphia, on foot, when she was struck by an automobile. As of that date, Mrs. Mattia was insured under a policy of insurance issued to her son by appellee, Employers Mutual Companies. At the time of the accident, Mrs. Mattia was self employed, having opened a florist shop some six months earlier, on or about May 16, 1977.

Appellee refused to compensate Mrs. Mattia under the Pennsylvania No-fault Motor Vehicle Insurance Act (No-fault Act),[1] claiming that Sections 202(b) and 205 of the No-fault Act precluded her recovery of work loss benefits. The lower court supported appellee's contentions, and thus, granted appellee's motion for summary judgment. It is from that order which the present appeal lies.

Appellant raises four issues on appeal. Appellant's first claim faults the lower court for granting summary judgment where work loss benefits under the No-fault Act were denied to a self-employed individual who showed no income at the time of injury. Finding this first argument meritorious, we must reverse the order of the lower court and remand the case for proceedings consistent with our opinion.[2]

The rules of civil procedure dictate that summary judgment may be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that no genuine issue as to any material fact exists and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035. *See also Davis v. Pennzoil Co.,* 438 Pa. 194, 264 A.2d 597 (1970). The court must accept as true all well-pleaded facts in the non-moving party's pleadings, as well as admissions on file, giving them the benefit of all reasonable inferences to be drawn therefrom. *Hankin v. Mintz,* 276 Pa.Superior Ct. 538, 419 A.2d 588 (1980); *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa.Superior Ct. 198, 280 A.2d 570 (1971). The entire record is to be examined in the light most favorable to the party opposing the motion, and all doubts concerning the existence of a genuine issue of fact must be resolved in that party's favor. *See Bowman v. Sears Roebuck & Co.,* 245

1. Act of July 19, 1974, P.L. 489, No. 176, Art. 1, §§ 101 *et seq.,* 40 P.S. §§ 1009.101 *et seq.*

2. Finding this first argument meritorious, we need not address appellant's remaining claims, which included (1) the unconstitutionality of the No-fault Act for failing to indicate in its title that the Act limits tort liability; (2) the violation of appellant's due process rights; and (3) the validity of the Act itself.

Pa.Superior Ct. 530, 369 A.2d 754 (1976); *Husak v. Berkel, Inc.,* 234 Pa.Superior Ct. 452, 341 A.2d 174 (1975). In the case at bar, because a doubt as to a triable issue of material fact existed, specifically the absence or presence of work loss, and because we find the moving party was not entitled to a judgment as a matter of law, summary judgment should *not* have been granted.

According to the history of the case, Mrs. Mattia was self-employed as a florist trading under the fictitious name of Blanch's Flower Shop. She was so employed from May 16, 1977 to the date of the accident which was November 12, 1977. For the calendar year of 1977, the florist shop showed a net loss of $715.86 based upon gross receipts of $1500.85. During this period, Mrs. Mattia did not receive a salary from the business. At the time of the accident, however, she was anticipating substantial Yuletide profits, which normally accompany the holiday season. Below, the lower court agreed with the appellee's contention that application of the statutory provisions of the No-fault Act concerning the calculation of work loss benefits to the instant facts resulted in zero recovery for Mrs. Mattia.

Section 202 of the No-fault Act provides for basic loss benefits to a victim including work loss. The pertinent portion of that section provides:

(b) Work loss limits.—Work loss, as defined in Section 103 shall be provided:

(1) Up to a monthly maximum of:

(A) One Thousand Dollars ($1,000.00) multiplied by a fraction whose numerator is the average per capita income in this Commonwealth and whose denominator is the average per capita income in the United States, according to the latest available United States Department of Commerce figures; or

(B) The disclosed amount, in the case of a named insured who, prior to the accident resulting in injury, voluntarily discloses his actual monthly earnings to his obligor and agrees in writing with such obligor that such sums shall measure work loss; and

(2) Up to a total amount of Fifteen Thousand Dollars ($15,000.00).

40 P.S. § 1009.202 (1974). Work loss is defined by Section 103 of the Act as follows:

'Work loss' means:

(A) Loss of gross income of a victim as calculated pursuant to the provisions of Section 205 of this Act; and

(B) Reasonable expenses of a victim for hiring a substitute to perform self-employment services, thereby mitigating loss of income, or for hiring special help, thereby enabling a victim to work and mitigate loss of income.

40 P.S. § 1009.103 (1974). Section 205 of the Act specifically provides for the calculation of work loss.

(a) Regularly employed.—The work loss of a victim whose income prior to the injury was realized in regular increments shall be calculated by:

(1) determining his probable weekly income by dividing his probable annual income by fifty-two; and

(2) multiplying that quantity by the number of work weeks, or fraction thereof, the victim sustains loss of income during the accrual period.[3]

\* \* \* \* \* \*

(d) Definitions.—As used in this section: *'Probable annual income'* means, absent a showing that it is or would be some other amount, the following:

(A) twelve times the monthly gross income earned by the victim from work in the month preceding the month in which the accident resulting in injury occurs, or the average annual income earned by the victim from work during the years, not to exceed three, preceding the year in which the accident resulting in injury occurs, whichever is greater, for a victim regularly employed at the time of the accident;

(B) the average annual gross income earned by the victim from work during the years in which he was

---

**3.** This section of the statute also provides formulas for determining the work loss of those persons "seasonably employed" and "not employed."

employed, not to exceed three, preceding the year in which the accident resulting in injury occurs, for a victim seasonally employed or not employed at the time of the accident; or

(C) the average annual gross income of a production or non-supervisory worker in the private nonfarm economy in the state in which the victim is domiciled for the year in which the accident resulting in the injury occurs, for a victim *who has not previously earned income from work.*

"Work week" means the number of days an individual normally works in a seven-day period; "weekly income" means income earned during a work week.

40 P.S. § 1009.205 (1974) (emphasis supplied).

Because Mrs. Mattia was considered "regularly employed", the calculation of her work loss benefits occurred under Section 205(a) of the No-fault Act: the annual income of Mrs. Mattia, which was zero at the time of her injury ($00.00) when multiplied by the number of weeks she missed from work, which was twenty (20), resulted in zero work loss benefits. On the basis of this calculation, the lower court granted appellee's motion for summary judgment.

■ The Legislature's express purpose in adopting the No-fault Act was to create "a 'low cost, comprehensive, and fair system' which would provide for 'maximum feasible restoration' of *all* victims of motor vehicle accidents." *Tubner v. State Farm Mutual Automobile Insurance Co.*, 496 Pa. 215, 436 A.2d 621 (1981).[4] Restoration includes assuring "every victim . . . recovery of a reasonable amount of work loss." 40 P.S. § 1009.102(a)(6)(A) (1974). Strict application of the formula set forth in § 205(a) of the Act does not permit Mrs. Mattia to recoup a "reasonable amount of work loss"; in fact, it causes an absurd and unreasonable result. Since insurance statutes are not among those types of statutes designated by our Legislature as requiring strict construction, we are to construe them liberally in order to effect

4. Legislative findings and purposes are set forth in Section 102 of the No-fault Act.

their purpose. *See Goodwin v. Hartford Life Ins. Co.*, 359 F.Supp. 20 (1973), *reversed on other grounds* 491 F.2d 332 (1974); *Sheppard v. Old Republic Life Ins. Co.*, 21 Pa.Commonwealth Ct. 360, 346 A.2d 383 (1975). *See also* 1 Pa.C. S.A. § 1928 (1972). Moreover, when construing statutes, we are to recognize that the Legislature "does not intend a result, that is absurd, impossible of execution or unreasonable" 1 Pa.C.S.A. § 1922(1) (1972). *See also Commonwealth v. Horton*, 465 Pa. 213, 348 A.2d 728 (1975). Unfortunately, the lower court failed to implement these two canons of statutory construction, and so it denied Mrs. Mattia the opportunity to prove her economic loss.

■ Certainly, Mrs. Mattia should have the opportunity of proving her work loss. The statute allows those individuals who are "seasonably employed" and even those who are "not employed" to prove work loss. As noted by the lower court in its opinion, "it would appear that plaintiff Mattia may well have fared better by remaining in the ranks of the unemployed rather than demonstrating initiative in opening and risking a fledgling business." At least then she would neatly have fitted into one of the three categories enumerated in Section 205 and her work loss would have been easily calculated. Nevertheless, Mrs. Mattia's situation does appear to be covered under one of the definitions for "probable annual income" as explained in Section 205(d). That is, although it appears that the definitions of "probable annual income" seem to be geared respectively to the three categories of "regularly employed," "seasonably employed" and "not employed," subsection (c) speaks only in general terms of a person *"who has not previously earned income from work"* rather than limiting the definition to those simply "not employed." Mrs. Mattia, in suffering a deficit from her newly opened business is an individual "who has not previously earned income from work." As such, her probable income can be determined in accordance with the formula appearing in Section 205(d), subsection (c). Thus, the question of Mrs. Mattia's work loss benefits should have gone to the jury as a triable issue of fact, and therefore, the granting of a summary judgment was incorrect.

584

Reversed and remanded to the lower court for proceedings consistent with our opinion. We relinquish jurisdiction.