## Haubrich v. Staniszewski

C.P. of Monroe County, No. 9686 CIVIL 2012

*Edwin A. Abrahamsen*, for plaintiff.
*David E. Heisler*, for defendant.

WILLIAMSON, *J.*, January 9, 2014—This matter comes before us on a Motion for summary judgment filed by Diane Staniszewski (hereafter "defendant") on November 12, 2013. On December 6, 2013, Jillian Haubrich (hereafter "plaintiff") filed a response to defendant's motion for summary judgment, and a brief in opposition to defendant's motion for summary judgment. In the motion for summary judgment, defendant argues that plaintiff has failed to cross the limited tort threshold of establishing impairment, or serious impairment of body function resulting from a motor vehicle accident. As such, defendant asserts that summary judgment should be granted because plaintiff has failed to show that she suffered a "serious injury" as required by 75 Pa. C.S.A. § 1705(d). Defendant requests this court enter summary judgment with respect to the limited tort threshold, and to hold that plaintiff is precluded from recovery of noneconomic damages in this matter pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

Plaintiff initiated this action by filing the complaint on November 19, 2012. In the complaint, plaintiff asserts a negligence action against defendant as the result of a motor vehicle accident which occurred on or about April 13, 2011. According to the complaint, the accident took place on McConnell Street in Stroudsburg, Monroe County, Pennsylvania. At the time of the accident plaintiff

was thirty-seven (37) weeks and two (2) days pregnant. As a result of the accident plaintiff underwent a Cesarean section (C-section) at Pocono Medical Center. The C-section following the accident was approximately twelve (12) days earlier than originally planned, as plaintiff was previously scheduled to undergo a C-section on April 25, 2011. The complaint further alleges that plaintiff suffered injuries to her neck and lower back from the accident, and incurred monetary expenses from medical attention.

Defendant filed an answer and new matter on December 24, 2012. Plaintiff filed a reply to new matter on January 17, 2013. Following initial discovery, depositions and pleadings, defendant filed the instant motion for summary judgment on November 12, 2013. Plaintiff filed their response and brief in opposition on December 6, 2013. Oral arguments on the matter were held on January 6, 2014. After a review of the parties' Briefs and in consideration of representations made at oral arguments, we are ready to dispose of the motion.

## DISCUSSION

Summary Judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995).

Summary Judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

In this case, defendant argues there are no genuine issues of material fact with regard to the injuries sustained by plaintiff, in that they do not meet the 'serious injury' requirement in order for plaintiff to pass the limited tort threshold to recover noneconomic losses resulting from the accident. To support this argument defendant asserts that the selection by plaintiff of the limited tort option on her auto insurance policy with Esurance Insurance Services, Inc. makes § 1705(d)(1), Pennsylvania's Motor Vehicle

Financial Responsibility Law (MVFRL), applicable to this case.[1] To advance her argument, defendant cites to 75 Pa. C.S.A. § 1702, which provides the statutory definition of a 'serious injury.'[2] In doing so defendant maintains that the injuries plaintiff sustained as a result of the accident on April 13, 2011 do not rise to the level of a 'serious injury.' This is because, as defendant asserts, plaintiff has failed to provide evidence of any impairment of a body function, let alone a serious impairment of a body function that would be necessary to proceed under § 1705(d) for noneconomic losses.

In opposition to defendant's position plaintiff argues that there is a genuine issue of material fact which

---

1. 75 Pa. C.S.A. § 1705(d) Limited tort alternative. — Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that:

(1) An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

(i) is convicted or accepts Accelerated Rehabilitative Disposition (ARD) for driving under the influence of alcohol or a controlled substance in that accident;

(ii) is operating a motor vehicle registered in another state;

(iii) intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act or failure to act is intentional or done with his realization that it creates a grave risk of causing injury or the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person; or

(iv) has not maintained financial responsibility as required by this chapter, provided that nothing in this paragraph shall affect the limitation of section 1731(d)(2) (relating to availability, scope and amount of coverage).

2. 75 Pa. C.S.A. § 1702 "Serious Injury." — A personal injury resulting in death, serious impairment of body function or permanent serious disfigurement.

should preclude the entry of summary judgment for the defendant. Plaintiff asserts that a genuine issue of fact exists as to whether the injuries sustained constitute a serious impairment of a bodily function. In support of this position plaintiff states that, because of the accident, an emergency C-section was performed on April 13, 2011. Being twelve (12) days sooner than originally planned, plaintiff argues that the emergency C-section impaired her ability to carry her unborn child to the scheduled delivery date. Plaintiff argues this was an impairment that constitutes a serious impairment of a bodily function and is therefore considered a serious injury envisioned by § 1705(d). Plaintiff avers that she should be able to recover noneconomic damages as a result of the accident.

Taking into account the pleadings, depositions, exhibits and admissions of both parties, this court believes there to be a genuine issue of a material fact in this case, and therefore agrees with the position asserted by plaintiff. We make this finding based upon *Cadena v. Latch*, 78 A.3d 636 (Pa. Super. 2013). In that case, the Pennsylvania Superior Court remanded a case to the trial court which initially entered summary judgment to the defendant on the issue of whether a serious injury existed from an auto accident, thereby precluding the plaintiff from recovering noneconomic damages.

The court in *Cadena* provided a framework for the analysis of whether a person has suffered a 'serious injury' envisioned by § 1705(d) in order to overcome the limited tort threshold and recover noneconomic damages. According to the court,

The Motor Vehicle Code defines "serious injury" as "[a] personal injury resulting in death, serious

impairment of body function or permanent serious disfigurement." *Id.* § 1702. Our Supreme Court has held that in determining whether a motorist has suffered a serious injury, "the threshold determination was not to be made routinely by a trial court judge...but rather was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained." *Washington v. Baxter*, 553 Pa. 434, 719 A.2d 733, 740 (1998). In conducting this inquiry, "[s]everal factors must be considered to determine if the claimed injury is 'serious': '[1] the extent of the impairment, [2] the length of time the impairment lasted, [3] the treatment required to correct the impairment, and [4] any other relevant factors.'" *Graham v. Campo*, 990 A.2d 9, 16 (Pa. Super. 2010), *appeal denied*, 609 Pa. 703, 16 A.3d 504 (2011). Our Supreme Court has cautioned that "[t]he focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function." *Washington, supra.* We remain cognizant of the principle that "[a]n impairment need not be permanent to be serious[ ]" under section 1705(d). *Robinson v. Upole*, 750 A.2d 339, 342 (Pa. Super. 2000)(citation omitted).

*Cadena*, 78 A.3d at 640. In applying the above principles of law to the instant cause of action, this court believes there to be a genuine issue of material fact as to whether the ability to carry an unborn child to a scheduled delivery date constitutes a serious impairment of a body function.

As discussed above, defendant argues that plaintiff did not suffer an injury which meets the requirements under § 1705(d) to cross the limited tort threshold. Essentially, defendant asserts that having a C-section twelve (12) days prior to an already scheduled C-section is not a 'serious

injury' because there is no serious impairment of a body function. Contrary to this argument, plaintiff contends that impairing her ability to carry her unborn child to the scheduled delivery date is, in fact, a 'serious injury' because of an impairment of a serious body function. This creates a genuine issue of material fact. We cannot say that reasonable minds would not differ in determining if this is a serious injury or not. Considering that a pregnancy and an emergency C-section are not matters to be taken lightly, a jury could find this was a serious injury. And as the Supreme Court found, in determining whether a plaintiff has suffered a 'serious injury,' "the threshold determination [is] not to be made routinely by a trial court judge...but rather [is] to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury [has] been sustained." *Cadena*, 78 A.3d at 640 (quoting *Washington*, 719 A.2d at 740). As reasonable minds could differ on the issue of whether a serious injury has been sustained, this matter is best left to a jury to make a factual determination.

Accordingly, viewing the evidence in a light most favorable to the non-moving party, this court finds there to be genuine issues of material fact as presented through the pleadings, depositions, oral argument, exhibits and admissions of both plaintiff and defendants. As such, summary judgment is not appropriate at this time, and we enter the following order.

## ORDER

And now, this 9th day of January, 2014, upon consideration of defendant's motion for summary judgment, the same is denied.