## Wise v. Hyundai Motor Company

C.P. of Monroe County, No. 3777 CIVIL 2011

*James M. Wetter* and *Ammar S. Wasfi*, for plaintiffs.
*Alyssa Talarico* and *Joseph Pulcini, Jr.*, for defendants.

WILLIAMSON, *J.*, May 12, 2014—This matter comes before us on a motion for summary judgment filed by Hyundai America Technical Center, Inc. (hereafter "moving defendant") on March 13, 2014. On April 14, 2014, James Wise and Elizabeth Weidman, co-

administrators of the estate of Amanda Wise, deceased (hereafter "plaintiffs") filed a response in opposition of summary judgment. In the motion, moving defendant argues that it is entitled to summary judgment because it did not design, manufacture or sell the vehicle which plaintiffs are alleging was defective. Essentially, moving defendant argues that because plaintiffs cannot produce any evidence that the moving defendant manufactured, designed, tested, sold, supplied or distributed the subject vehicle in question, it is entitled to summary judgment. Furthermore, moving defendant asserts that because of plaintiffs' failure to establish the causation element of the claims alleged against the moving defendant, summary judgment should be granted in its favor.

According to the parties' pleadings, the accident in question occurred on or about August 16, 2010 at 3:10 a.m. on State Route 33 in Hamilton Township, Monroe County, Pennsylvania. It is alleged that, at the time of the accident, the driver of the subject vehicle reportedly fell asleep at the wheel. According to the police report,[1] as a result of the driver falling asleep, the subject vehicle left the roadway, continued to go straight, and struck a dirt mound with the undercarriage of the vehicle. The police report continues, stating that the subject vehicle became airborne and struck a large tree. Further, the police report notes that the front seat passenger, Amanda Wise (hereafter "decedent") became entrapped in the subject vehicle, which subsequently caught fire after coming to rest. The decedent sustained fatal injuries from the vehicle fire following failed attempts to free her from the vehicle.

---

1. The police report referenced in this opinion is attached as exhibit A to moving def.'s brief in supp. of the mot. for summ. j.

The decedent was pronounced dead at the scene of the vehicle accident at approximately 4:24 a.m. by Monroe County Deputy Coroner Dave Thomas. A subsequent autopsy established the cause of death as thermal injuries sustained as a result of the accident.

Following initial pleadings, plaintiffs' first amended complaint was filed on June 28, 2011. Moving defendant filed an answer with new matter and new matter cross-claim on October 5, 2012. Plaintiffs filed an answer to moving defendant's new matter on October 22, 2012. Subsequently, moving defendant filed the instant motion for summary judgment and brief in support on March 13, 2014. Plaintiffs filed a response in opposition to the motion for summary judgment on April 14, 2014. A memorandum of law in opposition to the motion for summary judgment was filed by plaintiffs on April 30, 2014. Oral arguments on the motion were held on May 5, 2014. After review of the parties' motions and briefs, and in consideration of the representations made at oral arguments, we are ready to dispose of moving defendant's motion.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary Judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving

party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

This motion for summary judgment requires us to determine if a genuine issue of material fact exists as to whether plaintiffs can establish the causes of action against

moving defendant in the face of moving defendant's claims that it did not manufacture, design, test, sell, supply or distribute the subject vehicle. Moving defendant's argument in regards to the claims of negligence, strict liability, breach of warranty and wrongful death is that plaintiff cannot prove causation as to moving defendant. Therefore, moving defendant asserts that the failure of plaintiffs to demonstrate a causal connection between its conduct and the injuries sustained by plaintiffs entitles moving defendant to summary judgment.

In support of its position, moving defendant asserts that the verified responses to plaintiffs' discovery requests have clearly shown that moving defendant "did not design, manufacture, assemble, test, distribute or sell the subject vehicle." Moving def.'s brief in supp. of mot. for summ. j. p. 5 (citing ex. E and I). Moreover, moving defendant argues that in the verification, the representative states that he is a duly authorized representative of moving defendant and makes the verification on moving defendant's behalf. Thus, moving defendant argues, the discovery responses and verification conform to Pennsylvania law and clearly establish moving defendant's noninvolvement with the subject vehicle. Therefore, moving defendant requests this court to enter summary judgment on its behalf.

In response, plaintiffs take the position that the motion for summary judgment should be denied because it has been filed prior to the plaintiffs having the opportunity to obtain full and complete responses to narrowly tailored discovery requests to which they are entitled. Plaintiffs' argument boils down to the fact that they believe not all relevant and pertinent discovery has been provided by

moving defendant. In support of this position, plaintiffs contend that the moving defendant has not yet provided meaningful discovery, or even conformed to the standards of practice for the orderly exchange of information through the formal discovery process. Further, plaintiffs argue that the outstanding discovery responses are the subject of a recently filed motion to compel currently in front of this court.

Moreover, plaintiffs assert that the verification submitted by the moving defendant, which was signed by the corporation's general counsel Mark Torigian, Esq., was made without his personal knowledge or information and belief. Specifically, plaintiffs argue that the language used in the verification, signed by attorney Torigian, requires the moving defendant to identify which matters he lacked personal knowledge of, and to specifically identify the source of the information provided in the answers.[2] As such, because moving defendant, by and through attorney Torigian, has failed to identify the matters which it lacked personal knowledge of, and failed to specifically identify the sources of the information provided, plaintiffs argue the verification does not meet the requirements of the rules, and is in violation of Pa. R.C.P. 1024(c). Therefore, plaintiffs contend that not only is discovery outstanding in this matter, but the verification attached to the discovery responses does not meet the standards set forth in the

_____

2. The language in the verification brought into question by the plaintiffs states that "[t]he matters stated in the foregoing answers are not all within my personal knowledge, and I am informed and believe there is no other officer or employee of defendant Hyundai America Technical Center, Inc. who has personal knowledge of all such matters." Moving def.'s brief in supp. of mot. for summ. j. ex. E.

Pennsylvania Rules of Civil Procedure.

Without addressing the adequacy of the moving defendant's verification called into question by the plaintiffs, we agree with the position asserted by the plaintiffs regarding the outstanding discovery. As such, summary judgment in favor of the moving defendant cannot be entered at this time.

As stated above in our recitation of the standard of law in a summary judgment motion, the entry of such is only appropriate when the right is "free and clear from doubt." *Musser*, 562 A.2d at 280. Furthermore, we are instructed that summary judgment is appropriate when there is no genuine issue of material fact, or, if after the completion of discovery relevant to the motion, the party bearing the burden of proof at trial has failed to produce evidence of essential facts to the cause of action. *See* Pa. R.C.P. 1035.2 (1), (2). With regard to outstanding discovery requests and entering summary judgment, we are told that summary judgment *may* be entered "prior to the completion of discovery in matters where additional discovery *would not aid in the establishment of any material fact." Manzetti v. Mercy Hospital of Pittsubrgh*, 776 A.2d 938, 950-51 (Pa. 2001) (emphasis added). Therefore, it is imperative for us to determine whether discovery is complete, and if additional discovery would aid in the establishment of a material fact.

In denying moving defendant's motion, we find that discovery is not complete in this matter and that additional discovery would aid in the establishment of material facts. Plaintiffs' main argument, both through their answer to moving defendant's motion for summary

judgment, along with the representations made at oral arguments, is that the outstanding discovery in the case will help establish whether or not moving defendant truly had any involvement with the subject vehicle. We recognize that moving defendant has denied any involvement in the design, manufacture, testing, assembling, distributing or selling of the subject vehicle. However, we must also take into consideration the statement made by moving defendant's counsel at oral arguments that the moving defendant has performed testing for other vehicles designed, manufactured, assembled, distributed and sold by Hyundai. Plaintiffs have represented to this court that the outstanding discovery requests may well establish that the moving defendant did in fact have some involvement with the above enumerated functions of the subject vehicle. Therefore, we do find there to be a need for further discovery to best determine moving defendant's involvement with the subject vehicle, and if a genuine issue of material fact arises from that involvement.

Furthermore, at oral arguments, moving defendant represented to this court that narrow discovery remains outstanding in this case. Along with that representation, however, moving defendant reaffirmed their position that they did not have any involvement with the subject vehicle in this matter. We believe it is enough for moving defendant to recognize that outstanding discovery remains as to its potential involvement in this matter to deny its motion at this time. If the outstanding discovery conclusively establishes that moving defendant in fact had no involvement with the subject vehicle, judgment in its favor may be had at that time. However, we refrain from

making such judgment until a time in which discovery is complete and permits this court to do so.

We also note the history of discovery requests in this case, and what appears to be contentious behavior regarding discovery. Furthermore, there is still a pending motion to compel discovery, discovery conference and status conference scheduled in this matter. It appears no depositions have been completed which may or may not lead to information concerning moving defendant's contention that they never manufactured, designed or sold the defective vehicle. Finally, we are troubled by a verification attached to discovery responses of an alleged representative of the moving defendant who purports to state not all matters are within his personal knowledge and no one else would have such missing knowledge. Without further explanation, it leaves this court wondering which information the representative did not have personal knowledge. We note it could be the information pertaining to the denial that they manufactured, designed, tested or sold the alleged defective vehicle. Without more, there remains a claimed factual dispute.

In conclusion, viewing the evidence in a light most favorable to the non-moving party, this court finds that the discovery in this matter is incomplete. Further, we find that full and complete discovery in this matter may well establish a genuine issue of material fact suitable for determination at a later stage in the pleadings. We base these determinations on the pleadings, oral arguments and exhibits of both plaintiffs and moving defendant. As such, summary judgment is not appropriate at this time, and we enter the following order.

## ORDER

And now, this 12th day of May, 2014, upon consideration of defendant Hyundai America Technical Center, Inc.'s motion for summary judgment, the same is denied.