**Ball v. Borger**

C.P. of Monroe County, No. 7500 CV 2013

*Gregory L. Schell*, for plaintiff.
*Seth J. Schwartz*, for defendants.

WILLIAMSON, *J.*, Oct. 1, 2014—This matter comes before us on a motion for summary judgment filed by Glen Borger a/k/a Glenn A. Borger, Ruth L. Borger, and Borger's Speedway, Inc. a/k/a/t/d/b/a Borger's Speedway and Kart Shop (hereinafter, "moving defendants") on March 21, 2014. Leonard Ball (hereinafter, "plaintiff") filed an Answer to the moving defendants' motion on May 2, 2014. In the motion, moving defendants argue that plaintiff voluntarily executed a valid and enforceable Waiver and Release which contained an exculpatory clause, thereby releasing defendants from any and all liability in connection with plaintiff's activities on the date of the incident. For this reason, defendants seek summary judgment on their behalf.

According to the parties' pleadings, the accident in question occurred on or about September 10, 2011 at Borger's Speedway in Saylorsburg, Pennsylvania. It is alleged that, at the time of the accident, the plaintiff was assisting as a "flagman" in the race track infield. According to the complaint, there existed on the subject premises an area of mud buildup. On the above date, the plaintiff became injured and fell due to the buildup of mud in an attempt to avoid an out of control racing vehicle.

Plaintiff filed his complaint alleging negligence on March 4, 2014. The moving defendants filed an answer with new matter on March 17, 2014. Plaintiff then filed a reply to new matter of defendants on March 20, 2014. Subsequently, moving defendants filed the instant motion for summary judgment and a memorandum of law in support on March 21, 2014. Plaintiff filed an answer to defendants' motion

for summary judgment on May 2, 2014 and filed their memorandum of law in opposition to defendants' motion for summary judgment on September 5, 2014. Oral arguments on the motion were held on September 8, 2014. After review of the parties' motions and briefs, and in consideration of the representations made at oral arguments, we are ready to dispose of moving defendants' motion.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469. In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating

a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa.1951).

The instant motion for summary judgment requires us to determine whether, at this stage of the proceedings, granting summary judgment in favor of doving defendants is appropriate. Moving defendants ask this court to grant summary judgment on the basis of a waiver and release bearing plaintiff's signature. Moving defendants argue that an exculpatory clause is valid under Pennsylvania law when three conditions are met: (1) when the clause does not contravene public policy; (2) when the contract was between persons relating entirely to their own private affairs; and (3) when each party is a free bargaining agent to the agreement, so that the contract is not one of adhesion. *Topp Copy Prods, Inc. v. Singletary*, 626 A.2d 98 (Pa. 1993). Moving defendants contend that the exculpatory clause in this matter meets all three of the above stated requirements, and as a result, there are no genuine issues of material fact which establish that the waiver and release is not valid and enforceable.

In response, plaintiff makes two arguments. First, plaintiff argues that the waiver and release presented by moving defendants should not be enforced by this court. Plaintiff points to the size of the font, the use of legal jargon, and the all-encompassing scope and lack of specificity of

the document. Plaintiff states that the waiver and release agreement presented to plaintiff does not actually mention any specific negligence of the moving defendants and is instead meant to be all encompassing. Plaintiff contends that the agreement would protect moving defendants from acts of gross negligence, recklessness, and intentional conduct and therefore violates public policy.

Second, plaintiff argues that moving defendants' motion is premature. Plaintiff asserts that there is still discovery outstanding, including plaintiffs supplemental interrogatories directed to defendants and plaintiffs deposition. Plaintiff argues that the deposition of plaintiff is necessary to identify the signature on the waiver and release and to further determine whether there was a "meeting of the minds" when the agreement was signed. *Beck-Hummel v. Ski Shawnee, Inc.*, 902 A.2d 1266 (Pa. Super. 2006).

Without making factual determinations regarding whether the waiver and release at issue is valid and enforceable, we agree with the position asserted by the plaintiff in regards to the outstanding discovery. As such, summary judgment in favor of moving defendants cannot be entered at this time.

## ORDER

And now, this 1st day of October, 2014, upon consideration of defendants', Glen Borger a/k/a Glenn A. Borger, Ruth L. Borger, and Borger's Speedway, Inc. a/k/a/t/d/b/a Borger's Speedway and Kart Shop's, motion for summary judgment and any response thereto, it is hereby ordered and decreed that defendants' motion for summary judgment is denied without prejudice until such a time that plaintiff, Leonard Ball's, deposition is scheduled and more facts are established.