WILLIAMSON, J.,
This matter comes before us on a motion for summary judgment filed by Tuscarora Wayne Insurance Company, (hereafter “defendant Tuscarora”) on October 30, 2014. On November 25, 2014, Mount Pocono Motel, Inc. and Mobashar Zafar (hereafter “plaintiffs”) filed an answer to defendant Tuscarora’s motion for summary judgment. On November 25, 2014, plaintiffs also filed a brief in opposition to defendant Tuscarora’s motion for summary judgment.
BACKGROUND
This action arises from an underling complaint in the Monroe County Court of Common Pleas filed by Luis Noriega against Mount Pocono Motel, Inc. and Mobashar Zafar (the plaintiffs herein this declaratory judgment action). Plaintiff Mount Pocono Motel, Inc. is a domestic corporation engaged in the business of operating a motel and renting rooms to its customers. Plaintiff Mobashar Zafar is an owner of the real property comprising the *383 Mount Pocono Motel pursuant to an installation agreement of sale.
On September 9, 2010, Mr. Noriega filed a complaint against Mount Pocono Motel, Inc. and Mobashar Zafar alleging he sustained injuries and damages sustained due to the presence of mold in the room he had been renting. Mr. Noriega began renting Room #129 in 2004, and thereafter continuously until April 11, 2009. Additionally, plaintiffs claim that Mount Pocono Motel Inc. employed Mr. Noriega to perform maintenance work on the real property during the same time period.
In the complaint, Mr. Noriega alleged that, shortly after moving into the apartment, he began to suffer flu like symptoms, was constantly sick, and began to suffer from chest and breathing problems. On or about March 2008, Mr. Noriega discovered mold growth in the crawl space behind his room that was permeating through the walls of his room and that the walls had been painted in his room to hide the mold growth. On March 20,2008, Mr. Noriega claims to have had an air quality test conducted which reflected high mold content. Mr. Noriega alleged that he contacted Mount Pocono Motel, Inc. and Mobashar Zafar and informed them of the mold; however, they failed to investigate or remediate the mold problem.
On March 9, 2009, Mr. Noriega claimed to have had a more extensive investigation completed by ARM Environmental, LLC which reflected physical mold observed throughout Room #129 and the presence of high levels of toxic mold. Finally, Mr. Noriega alleged that *384 after notifying Mt. Pocono Motel and Mobashar Zafar of the presence of toxic mold, and their failure to correct the problem, he was forced to leave his residence at Mt. Pocono Motel Room #129 and secure alternative housing.
The present action was brought to determine if defendant Tuscarora may have a duty to defend and, if necessary, to indemnify plaintiffs. Defendant Tuscarora has disclaimed coverage under the policy. Defendant Tuscarora issued a Commercial Line Policy, which provided in part, general liability coverage, to plaintiffs for property located 25 Knob Road, Mount Pocono, Pennsylvania, with a relevant policy period of July 1, 2008, to July 1, 2009. The policy includes an exclusion stating that this insurance does not apply to: “fungi or bacteria.” The “fungi or bacteria” exclusion provides that there is no coverage for bodily injury or property damage caused by fungi or bacteria. Mold is included in the definition of fungi given within the exclusion language. Plaintiffs claim that the testing was limited to mold and the presence of additional contaminants would likely fall outside of the coverage exclusion and thus trigger coverage.
DISCUSSION
Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and *385 admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 85 (Pa. Super. 1995).
Summary judgment may be granted only in cases where the right is clear and free from doubt. Musser v. Vilsmeier Auction Co., Inc., 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Davis v. Pennzoil Co., 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. Long v. Yingling, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Thompson, 412 A.2d at 469.
In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Phaff v. Gerner, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party’s pleadings. Mattia v. Employment Mut. Cos., 440 A.2d 616 (Pa. Super. 1982); Ritmanich v. Jonnel Enters, Inc., 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. Elia v. Olszewski, 84 A.2d 1889 (Pa. 1951).
*386 The instant motion for summary judgment requires us to determine whether, at this stage of the proceedings, defendant Tuscarora can deny coverage to plaintiffs for injuries sustained by Luis Noriega in the underlying complaint currently pending with this court. Defendant Tuscarora argues that summary judgment should be granted as a matter of law because the “fungi or bacteria” exclusion, found in the insurance contract between defendant Tuscarora and plaintiffs, applies to bar coverage for the claims alleged by Mr. Noriega in the underlying cause of action.
Without making factual determinations regarding the allegations raised by Mr. Noriega in the underlying cause of action, we agree in part with defendant Tuscarora in its motion, and grant summary judgment with respect to the “fungi or bacteria” exclusion barring coverage for injuries sustained by Mr. Noriega due specifically to the presence of mold.
In making the above determination, we are instructed by the Pennsylvania Supreme Court that the “primaiy goal in interpreting a policy, as with interpreting any contract, is to ascertain the parties’ intentions as manifested by the policy’s terms. When the language of the policy is clear and unambiguous, [we must] give effect to that language.” Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Insurance Co., 908 A.2d 888, 897 (Pa. 2006). Further, we are told that where a provision in the policy is ambiguous, “the policy is to be construed in favor of the insured to further the contract’s prime purpose of indemnification and against the insurer, as the insurer *387 drafts the policy, and controls coverage.” Id.
The Pennsylvania Supreme Court has also stated that in a declaratory action to determine if a claim made by an insured is covered, it is the court which determines the question of coverage. American and Foreign Insurance Co. v. Jerry’s Sport Center, Inc., 2 A.3d 526, 542 (Pa. 2010). Specifically, we are instructed by the court that it is this court’s role to resolve questions regarding coverage and to eliminate the uncertainty of such coverage. Id. In expounding on this position, the court has held that “if the insurer is successful in the declaratory judgment action, it is relieved of the continuing obligation to defend. The court’s resolution of the question of coverage does not, however, retroactively eliminate the insurer’s duty to defend the insured during the period of uncertainty.” Id. The court has cautioned insurance providers that where a claim “potentially may become one which is within the scope of the policy, the insurance company’s refusal to defend at the outset of the controversy is a decision it makes at its own peril.” Id.
With these principles in mind, and in reviewing the terms of the Commercial Line Policy applicable to the matter at hand, we first find that defendant Tuscarora is entitled to summary judgment with respect to the “fungi or bacteria” exclusion found within the policy in question. We find the language in the exclusion to be clear and unambiguous in nature. The exclusion specifically states in Paragraph 2, Exclusions of Section I-Coverage A-Bodily Injury and property damage liability, that the insurance does not apply to:
*388 “‘Bodily injury’ or ‘property damage’ which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any ‘fungi’ or bacteria or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.”
Def. Tuscarora Wayne Ins. Co. Mot. for summ. j. Ex. B.
Further, the following definition is added to the definitions section of the exclusion: “‘fungi’ means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by products produced or released by fungi.” Id. (emphasis added).
This language clearly expresses the intent of defendant Tuscarora to exclude coverage for bodily injury or property damage as the result of fungi or bacteria found in the covered property. As such, we grant summary judgment in favor of defendant Tuscarora, and find that defendant Tuscarora has no duty to defend or indemnify plaintiffs with respect to allegations concerning bodily injury or property damage resulting from fungi or bacteria. This same language bars recovery for damages under either of the theories raised by Mr. Noriega in his complaint because the causation is the same: presence of mold.
Additionally, this court previously entered an order of court and opinion on July 8, 2014, granting defendant Tower Insurance Company of New York’s motion for
*389 summary judgment relying on the same underlying claim by Mr. Noriega and essentially identical “fungi or bacteria” exclusion language in their policy. See Mt. Pocono Motel v. Tuscarora Wayne Ins. Co., No. 9534-CV-2013 (C.P. Monroe Co. July 8, 2014 Williamson, J.) We incorporate the factual allegations of Mr. Noriega in his complaint as set forth in footnote number one of our opinion dated July 8, 2014.
In granting summary judgment in favor of defendant Tuscarora, we do not dismiss the possibility that defendant Tuscarora may be required to defend and indemnify plaintiffs with respect to bodily injury sustained by Mr. Noriega resulting from other contaminates present in Mr. Noriega’s room during the time in which he resided there. However, at this time, there are no allegations in the underlying complaint filed by Mr. Noriega beyond his claim of injury and damages due to the presence of mold. There are no claims of other contaminants or causes of injury in the underlying complaint. Therefore, there are no other theories of recovery alleged for which the insurance policy issued by Tuscarora would cover.
ORDER
And now, this 13th day of January, 2015, upon motion of defendant Tuscarora for summary judgment, it is ordered and decreed as follows:
1. Summary judgment due to the “fungi or bacteria” exclusion is granted.
2. This matter is dismissed as between plaintiffs and defendant Tuscarora Wayne Insurance Company.