WILLIAMSON, J.,
This matter comes before us on a motion for summary judgment filed by Sanofi Pasteur, Inc. (hereafter “defendant”) on March 9, 2015. Patricia Smith (hereafter “plaintiff) filed an answer to defendant’s motion for summary judgment on April 2, 2015.
Background
Plaintiff filed the underlying complaint on June 28, 2010. At the time of the alleged incident, plaintiff was employed by ACM protocol as an aseptic cleaner at defendant’s facility in Swiftwater, Pennsylvania. On January 30, 2008, at approximately 12:20 am, plaintiff states she was working at the facility with co-worker Selena Segarra. Ms. Segarra was steering a wet-vac while plaintiff was operating the hose of the wet-vac while cleaning. Plaintiff alleges that the wheels of the wet-vac she was using came to an abrupt stop and caused plaintiff to twist and fall against a cement wall. Defendant owned and allowed use of the wet-vac.
Plaintiff alleges defendant was negligent in permitting rusted wheels on the wet-vac, disregarding complaints of employees, and failing to reasonably maintain equipment, *256 and that this negligence caused plaintiff’s injuries. Plaintiff alleges she suffered serious and permanent injuries as a result of this incident, including but not limited to injuries to her nervous system, damage to ligaments, aggravation of pre-existing conditions, and mental anguish.
Argument
Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); Cosmas v. Bloomingdales Bros., Inc., 660 A.2d 83, 85 (Pa. Super. 1995).
Summary judgment may be granted only in cases where the right is clear and free from doubt. Musser v. Vilsmeier Auction Co., Inc., 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Davis v. Pennzoil Co., 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. Long v. Yingling, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Thompson, 412 A.2d at 469.
In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Phaff v. Gerner, 303 A.2d 826 *257 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party’s pleadings. Mattia v. Employment Mut. Cos., 440 A.2d 616 (Pa. Super. 1982); Ritmanich v. Jonnel Enters, Inc., 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. Elia v. Olszewski, 84 A.2d 1889 (Pa. 1951).
Defendant argues that summary judgment should be granted because plaintiff cannot establish the element of proximate cause in support of her negligence claim. Defendant states that the deposition testimony of both plaintiff and Ms. Segarra indicates that the cause of plaintiff’s fall was the hose of the wet-vac coiling around plaintiff’s leg, and not any defect in the wet-vac wheels. Defendant further contends that, even if this court considers the alleged defect to be a factor in plaintiff’s fall, it cannot be a substantial factor where other numerous factors led to the incident.
In her deposition, plaintiff did state that the cause of her fall was the hose of the wet-vac coiling around her leg. Patricia Smith Dep., 17:17-18:3. However, plaintiff also explained that, “[Ms. Segarra] had to get the wet-vac out of my way. So she tried to move it, but it wouldn’t roll. So like I said, she tried to lift it and she was turning... That’s when the hose wrapped around my legs because she couldn’t move it.” Patricia Smith Dep., 27,16-25.
In the deposition of Ms. Segarra, Ms. Segarra stated that, “When I couldn’t move it, I tried to lift it, but as I’m in that process of trying to lift it, the long black hose is actually curling around [plaintiff’s] foot.” Selena Segarra Dep. ,17:19-23. Ms. Segarra went onto say that, “Now my *258 job was to pull that back. These wheels were not working because of the rusted axle. Because I can’t move it back, [plaintiff] is stuck.” Selena Segarra Dep., 20, 20-22.
Based on the deposition testimony of both plaintiff and Ms. Segarra, they are contending that the defect in the wet-vac was the ultimate cause of plaintiff’s fall because the defect caused the hose to coil around plaintiff’s foot. The testimony also indicates the failure to be able to move the wet-vac due to the rusted wheels preventing the ability to free the plaintiff from the hose. Whether or not events transpired in this manner is a question for the jury. Whether or not the defect existed or was a substantial factor in causing plaintiff’s injury is also a question of fact for the jury to decide. At this time, there is a genuine issue of material fact as to whether plaintiff can establish the element of proximate cause in her claim.
Conclusion
Based on the deposition testimony of plaintiff and Ms. Segarra, there is a genuine issue of material fact as to whether plaintiff can establish the element of proximate cause in her claim. Both plaintiff and Ms. Segarra state that a defect with the wheels on the wet-vac was a cause of what ultimately led to plaintiff’s fall. Whether there was a defect with the wheels on the wet-vac, and how substantial of a factor that defect was in plaintiff’s fall, are issues of fact for the jury to decide. Therefore, summary judgment is not warranted at this time.
ORDER
And now, this 28th day of April, 2015, upon consideration of the motion for summary judgment filed by defendant, the motion for summary judgment is denied.